**UNITED STATES of America, Plaintiff,**

**v.**

**Willard W. FIELDER, Defendant.**

**No. 33880.**

United States District Court
E. D. Michigan, S. D.

June 16, 1954.

Fred W. Kaess, U. S. Atty., and Ronald L. Greenberg, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Harold E. Leithauser, Detroit, Mich., for defendant.

KOSCINSKI, District Judge.

Defendant is charged with violation of Sec. 462(a), Title 50 U.S.C.A. Appendix, by failing to submit to induction into the armed forces, in accordance with Sec. 1632.14(b) of the Selective Service Rules and Regulations of 1948.

In his Classification Questionnaire, filed with the Local Draft Board on September 5, 1950, defendant did not indicate that he was a conscientious objector and did not sign the statement which is applicable to conscientious objectors. He did, however, claim exemption as a minister of religion under Series VI and also stated in this form that, in his opinion, he believed his classification should be 4–D, as a minister.

A classification of I–A was assigned to him but he requested and was granted a personal appearance before the Board, at which time he was furnished Form 150, the Special Form for Conscientious Objectors. This form was completed, signed, and submitted by defendant to the Board. This form, as completed, recites that the registrant is a Jehovah's Witness, that all "Jehovah's Witnesses are ministers of the gospel", and "do not attempt to convert the world to decline to bear arms or condemn any individual who does, but keep their neutrality and covenant to preach". He gives his employment as a machine operator at the Chevrolet plant, on a full time basis.

After such hearing his case was reopened and he was eventually reclassified as I–O by the Local Board, as a conscientious objector. When he appeared before the Board he definitely informed the Board that he would not accept work of national importance in lieu of induction and that he understood the penalties of such refusal.

Dissatisfied with the classification of I–O, defendant appealed to the Appeal Board on the ground that he should be classified IV–D as a minister. The Appeal Board reviewed his file and, on the basis of data therein contained, including the statement that he would not, if retained in Class I–O, comply with the obligations placed by the Selective Service Regulations upon registrants placed in that class, the Appeal Board then re-

classified him in Class I–A. He made appeals, by letter, to the Attorney General, at all times insisting that he is entitled to a IV–D classification.

It does not appear that he at any time requested a I–O classification, except that he executed the Conscientious Objector's Special Form which the Board furnished him.

At the time of his personal appearance before the Local Board, at which time he steadfastly insisted on a IV–D classification, he submitted a list of servants of the company of Jehovah's Witnesses to which he was attached and which contained his name as the advertising servant of his company. One of the members of the Board expressed, with some amusement, his surprise that registrant's sect needed so many ministers when the congregation of which he himself was a member needed only one minister or preacher for the entire congregation. A witness who accompanied registrant to this hearing and who himself was a Jehovah's Witness thereupon charged this Board member with being prejudiced against all religions except the one to which the Board member adhered, and the Board member answered that he was prejudiced in that respect not against all religions but only against the Jehovah Witnesses. The Draft Board Clerk confirmed, on the witness stand, that such a conversation took place but insisted that it was said merely in jest and not seriously. At any rate, after this hearing the reclassification was made from I–A to I–O by the Local Board.

■ Sec. 1622.1(d) of the Selective Service Regulations provides that in classifying a registrant there shall be no discrimination for or against him because of his membership or activity in any religious organization and that each registrant shall receive equal justice. A classification based on prejudice because of affiliation with a particular religious organization is arbitrary and contrary to the law and regulations and action of a local board in so classifying a registrant is invalid and void. Niznik v. United States, 6 Cir., 184 F.2d 972.

■ It is argued by Government counsel that no injustice resulted to registrant since he was classified as a conscientious objector after the hearing at which it is claimed the prejudice was expressed by the Board member. As this court has previously stated, however, this was not the classification sought by the registrant as he at all times claimed a IV–D classification. The alleged prejudicial statements made by the Board member were obviously provoked by the defendant's witness and the registrant has not clearly established that the Board was actually prejudiced but neither has the Government satisfactorily proved to the court that the remarks made did not express the actual feeling or attitude of at least one member of the Board which made the decision as to defendant's classification. Any doubt, in a case of this kind, must be resolved in favor of the defendant. Although there was sufficient basis in fact for denial of a IV–D classification to defendant, the classification, under the circumstances present here, was not made in accordance with the regulations, specifically Sec. 1622.1 (d).

Other points raised by defendant need not be discussed here, since the defense discussed above is sufficient for acquittal.

This court, therefore, finds defendant not guilty of the offense with which he is charged.