**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James PETIACH, Defendant-Appellant.**

**No. 14992.**

United States Court of Appeals Seventh Circuit.

Feb. 17, 1966.

Edward L. Garnett, Tampa, Fla., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., Frank J. Violanti, Asst. U. S. Atty., Hammond, Ind., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

Defendant is a Jehovah's Witness. He appeals from a conviction, after a trial before the District Court, for failure to report for civilian work in lieu of induction under the Universal Military Training and Service Act, 50 U.S.C., App. §§ 451 et seq.

Defendant was baptized in 1951 at the age of fourteen. He claims that at that time he became an "ordained minister" in the Watch Tower Bible and Tract Society of the Jehovah's Witnesses.

When defendant registered in 1958 with the Indiana Local Board No. 178, he claimed to be an "Assistant Servant" in

his congregation and requested a classification of 4–D, Minister of Religion. The Board classified defendant 1–O, conscientious objector, his present classification.

On this appeal, defendant urges that he made a *prima facie* case before Board No. 178 for his claim to a ministerial exemption and that the Board's denial of his claim was arbitrary and capricious.

On February 21, 1961, defendant notified the Board that he had moved to Florida. Local Board No. 178 sent him a current information questionnaire. Included was the question "The job I am now working at is." His answer was "linotype operator." He also gave the name of his employer. Board No. 178 then asked defendant to designate the civilian employment he would accept in lieu of induction into the armed forces, but the defendant ignored this question.

Defendant renewed his request for a hearing on his application for a 4–D classification. The Board scheduled a hearing for August 28, 1962, but defendant notified the Board he would be unable to attend, and again renewed his request for a reclassification. In support of his claim for a 4–D classification, Petiach informed the Board that he had been appointed a "ministry school servant" by the Watch Tower Bible & Tract Society. The Board refused to reopen the classification question and Petiach was subsequently indicted by the United States government for failure to report for civilian work as ordered by the Board.

■ The scope of our judicial review is limited. United States v. Parker, 7 Cir., 307 F.2d 585, 587. The relevant question at the trial was whether there was a basis in fact for the classification made by the Board, and if so, whether defendant refused to submit to induction. Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59. There is no dispute here that defendant did refuse to submit to induction.

■ It is clear that Congress did not intend the ministerial exemption to apply to all of the baptized members of any congregation. The Supreme Court commented on this exemption in Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132, as follows: "The ministerial exemption, as was pointed out in the Senate Report accompanying the 1948 Act,[1] 'is a narrow one intended for the leaders of the various religious faiths and not for the members generally.'"

Pertinent is a 1965 decision of this Court—United States v. Norris, 341 F.2d 527. In *Norris*, the defendant was a Jehovah's Witness. He had been baptized at the age of fourteen. He claimed before the Local and Appeal Boards that he was entitled to the ministerial exemption. He alleged that he was a minister of his congregation and that he spent twenty-eight hours a month training others, twelve hours a month giving public sermons, thirty-two hours a month instructing others, twenty hours a month attending ministry school and twenty hours a month distributing literature.

We said in *Norris*, that it was for the Board to decide " * * * whether Norris had sustained his burden of showing that his removal would leave a flock * * * without a shepherd * * * Fitts v. United States, 5 Cir., (1964) 334 F.2d 416; United States v. Stewart, 4 Cir., (1963) 322 F.2d 592."

■ In the instant case we hold that the classification made by the Local Board had a basis in fact. Further, that the Local Board did not act in an arbitrary and capricious manner in denying Petiach's claim to a ministerial exemption.

It therefore follows that the judgment of conviction must be and is

Affirmed.

---

[1]. Senate Report No. 1268, 80th Congress, 2nd Sess. dated May 12, 1948, in referring to the ministerial status said "Serious difficulties arose in the administration and enforcement of the 1940 Act because of the claims by members of one particular faith that all of its members were ministers of religion. * * * "