**UNITED STATES of America, Appellee,**

v.

**Charles Alton JACKSON, Appellant.**

**No. 10775.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 4, 1966.

Decided Dec. 6, 1966.

John R. Goodwin, Morgantown, W. Va., for appellant.

John H. Kamlowsky, U. S. Atty. (John Marshall, III, and George R. Triplett, Asst. U. S. Attys., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and CRAVEN, Circuit Judges.

BOREMAN, Circuit Judge:

Charles Alton Jackson was indicted under section 12(a), 62 Stat. 622 (1948), 50 U.S.C. App. § 462(a) (1964), for failure to perform a duty required of him under the Selective Service Act. A jury found him guilty and the court imposed a sentence of three years in prison. On appeal he contends that the court committed error in instructing the jury; in refusing to admit testimony concerning the prejudice of an official of the Selective Service Board; and, that he was deprived

of his constitutional right to a speedy trial to his prejudice.

The evidence reveals that defendant, a resident of Kingwood, West Virginia, is a twenty-five year old "ordained minister" of the Jehovah's Witnesses. In February of 1962 defendant stated in his Selective Service Classification form that he was a conscientious objector *and* a minister and claimed exemption from any form of military service. However, his Local Board No. 17 classified him 1–0, Conscientious Objector, and notified him thereof on March 30, 1962. Defendant did not appeal this classification.

Consistent with his classification as a conscientious objector, defendant thereafter received an order to report to Local Board No. 17 on May 27, 1964, for the purpose of receiving instructions to report to Memorial Hospital in Charleston, West Virginia, to perform work of national importance. Defendant failed and refused to report as ordered, claiming that he was entitled to a ministerial exemption because of his duties as a minister of his religion.

It appears from the record that at the time the order to report was issued defendant was employed by a local bakery as a bread salesman, devoting forty to forty-five hours per week to this work and earning $55 to $60 per week. In the past he had worked as a carpenter, a painter, and a plumber. Defendant's duties as a "minister" amounted to giving Bible sermons, serving as a salesman for magazines, and most importantly, in his view, providing transportation for the members of his congregation.

Defendant attacks the court's instruction to the jury that the only issue was whether the jury believed beyond a reasonable doubt that the defendant had been ordered to report to the local board, and if so, whether he knowingly failed to comply with such order. Defendant argues that such an instruction not only precluded the jury from considering whether he was entitled to a ministerial

deferment but amounted to a directed verdict against him since he readily admitted his conscious failure to report.

■■ In a criminal prosecution for a refusal to obey a Selective Service Board order "the scope of judicial inquiry into the administrative proceedings leading to the defendant's classification is very limited." Blalock v. United States, 247 F.2d 615, 619 (4 Cir. 1957). The courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Blalock v. United States, supra.

■ In order to establish entitlement to a ministerial exemption it was necessary that defendant prove that he regularly and customarily taught and preached the principles of his religion, administered the ordinances of public worship embodied therein, and that he performed these functions, not incidentally, or as his avocation, but regularly, as his vocation. Section 16(g) (1) (3), 62 Stat. 624 (1948), 50 U.S.C. App. § 466(g) (1) (3) (1964); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); United States v. Stewart, 322 F.2d 592 (4 Cir. 1963).[1] Defendant failed to satisfy these requirements. While it appears that he was a "minister" in the sect of which he was a member he was not regularly and customarily engaged in the pursuit of this office, since, by his own testimony, it appears that he worked full time as a bread salesman. While the mere fact that secular labor is performed by the defendant is insufficient to serve as the basis for a denial of the exemption, there is a point at which the relative amount and type of secular activity may permit such a de-

1. The obvious intent of Congress was to prevent members of Jehovah's Witnesses from claiming a ministerial deferment solely on the basis of their ordination as ministers. See S.Rep. No. 1268, 80th Cong.2d Sess. 13 (1948).

cision. Dickinson v. United States, supra; United States v. Stewart, supra. Here, the evidence supported the trial court's conclusion that defendant's classification was *not* without "any basis in fact." Such a conclusion is a matter of law solely for determination by the court. Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1947). Once the court was satisfied that there was a basis in fact for the board's classification, the sole issue for the jury was whether or not defendant was ordered to report and if so, did he fail to obey the order. The court correctly concluded that it was not within the province of the jury to consider defendant's eligibility for a ministerial exemption. Cox v. United States, supra; United States v. Petiach, 357 F.2d 171 (7 Cir. 1966); United States v. Norris, 341 F.2d 527 (7 Cir. 1965); United States v. Parker, 307 F.2d 585 (7 Cir. 1962).

■ Defendant assigns as error the District Court's refusal to admit evidence tending to show prejudice on the part of a Selective Service official. It is to be noted that defendant did not appeal his classification to the Appeals Board established within the Selective Service structure for such purpose. He failed to exhaust the administrative remedies provided by the Uniform Military Training and Service Act and the limited power of review precludes the federal court from entertaining a claim of prejudice not raised before the appropriate administrative agency. Williams v. United States, 203 F.2d 85 (9 Cir.), cert. denied, 345 U.S. 1003, 73 S.Ct. 1149, 97 L.Ed. 1408 (1953); United States v. Phillips, 143 F. Supp. 496 (D.C.W.Va.), aff'd., Miller v. U. S., 239 F.2d 148 (4 Cir. 1956). Defendant's reliance on United States v. Fielder, 136 F.Supp. 745 (E.D.Mich. 1954) and Pate v. United States, 243 F.2d 99 (5 Cir. 1957), is misplaced because in *Fielder* the prejudice of the board was obvious, and in *Pate* the board did not ap-

ply the statutory standard to determine whether the defendant was a minister. With the case in such posture evidence of prejudice was neither material nor relevant to the sole issue before the jury and the trial judge properly excluded such testimony.

■ Defendant asserts that he was denied his constitutional right to a speedy trial because fifteen months elapsed between indictment and trial; that the delay was prejudicial in that this trial took place at a time when public sentiment was aroused against anyone resisting military obligations; and that he was unable to produce testimony helpful to his defense because a witness had moved beyond the jurisdiction of the court. In order to prove a denial of the sixth amendment right to a speedy trial it must be shown that the defendant's trial preparation was prejudiced and that the government's conduct was culpable or oppressive. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). See United States v. Simmons, 338 F.2d 804 (2 Cir. 1964).

■ In this case the delay was not brought about by the Government but was clearly attributable to the death of the district judge and the resultant temporary suspension of the judicial processes. In the circumstances the delay was not unreasonable. See United States v. Ward, 240 F.Supp. 659 (W.D.Wis.1965).

■ Defendant's claim of prejudice through the loss of a witness is without merit since testimony of the particular witness as to the board's prejudice would have been inadmissible. The defendant's other argument that he was prejudiced because he was tried at a time when public opinion was hostile to one in his situation is untenable since his own admission provided the basis for the resolution of the only factual issue properly submitted to the jury.

Affirmed.