**UNITED STATES of America,
Plaintiff,**
**v.**
**William George MIENTKE, Defendant.**
**No. 66–CR–51.**

United States District Court
W. D. Wisconsin.
Jan. 11, 1967.

**178**

Edmund A. Nix, U. S. Atty., Madison, Wis., for plaintiff.

Vernon Molbreak, Madison, Wis., for defendant.

## DECISION AND JUDGMENT

JAMES E. DOYLE, District Judge.

This action came on for trial to the court, without a jury, on January 3, 1967. Testimony and documentary evidence was offered and received, and oral argument was heard.

The Court finds, from the entire record, that on June 24, 1965, at the City of Wausau, Marathon County, in the Western District of Wisconsin, the defendant William George Mientke, did knowingly refuse to obey an order of Local Board No. 38, Marathon County, Wisconsin, to report as directed for civilian work at Madison General Hospital, Madison, Wisconsin, for 24 consecutive months; the Court finds that such civilian work contributes to the national health, safety, and interest.

The record includes the defendant's complete Selective Service file. From this file the Court finds that from September 9, 1964, when defendant was initially classified by his local board as a conscientious objector (1–0) rather than as a minister (4–D), continuously to and through June 24, 1965, there was basis in fact in the record to support the refusal of the local board and of the appeal board to classify him 4–D. From the information furnished to the local board by the defendant himself, the board might reasonably have concluded that the defendant was employed at a lumber company for an average workweek of 50 hours, that he spent approximately 14 hours a week doing chores on the family farm at which he resided, and that he devoted approximately 20 hours per week to his religious activities.

Following his personal appearance before the local board on October 7, 1964, the defendant prepared a statement on October 14, 1964, which was received by the local board on October 15, 1964. In his written statement of October 14, he stated that he regularly engaged in the ministry "to the extent of *at least 40* hours a month." At another point in the same written statement of October 14, the defendant indicated that he spent approximately 70 to 75 hours per month on his religious activity. At another point in his written statement of October 14, the defendant stated that he was devoting "at least 20 hours to the ministry each week."

Except for general explanations of the view of "ministry" held by members of the Watchtower Society of Jehovah's Witnesses, the defendant furnished no evidence to the local board that he was spending more than approximately 20 hours a week in his religious activity.

At the trial of this action on January 4, 1967, the defendant was given an opportunity to present evidence concerning the time he was spending on his secular work and the time he was spending on his religious work during the period between his first classification by the local board as 1–0 (September 9, 1964)

and the time at which he was ordered to report for hospital duty (June 24, 1965). His testimony in this court was that he was spending approximately 64 hours a week in his employment at the lumber yard and on the home farm, and that he was spending approximately 23 to 24 hours a week in active religious work. He also testified that he was then spending approximately 20 to 25 hours a week in study and preparation for his active religious work. Although the defendant persisted in this latter statement under questioning by the court, it seems likely that he was mistaking a monthly figure for a weekly figure, in view of his further testimony that he was sleeping approximately 56 hours a week, and spending approximately 28 hours a week in travel time, eating, dressing, and other miscellaneous activities.

Under the most favorable interpretation which it is reasonably possible to extend either to the statements given by the defendant to the local board or to his testimony at the trial in this court, it appears that the defendant was spending not more than about 30 hours a week in active religious work and in study and preparation for such active work.

On this record, there was basis in fact for a conclusion by the local board and by the appeal board for the Western District of Wisconsin that the defendant's religious ministry was not his regular and customary vocation; that he irregularly and incidentally preached and taught the principles of religion of his sect; and that he did not regularly, as a vocation, teach and preach the principles of religion and administer the ordinances of public worship of his sect. 50 App.U.S.C. § 466(g).

At the time of the trial, and at the close of the government's case, the defendant moved for a judgment of acquittal on several grounds. The first ground was that the denial of the claim for 4–D classification by the local board and by the appeal board was without basis in fact; for the reasons given above the motion on this ground is denied. The second ground for the motion was that the local board and the appeal board had employed erroneous standards and had used an improper "orthodox measuring rod" in determining whether the defendant was a minister within the meaning of the Act and the regulations; an examination of the record indicates that the local board inquired whether the defendant received compensation as a minister and also whether he was a so-called "Pioneer minister" within the terminology of the Jehovah's Witnesses; however, it does not appear that either the local board or the appeal board used these factors exclusively in arriving at its determination; the motion on this ground is denied. The third ground for the motion of acquittal is that the defendant's evidence with respect to his ministry is undisputed and uncontradicted and that no record was built in contradiction of his claim; however, as indicated above, the evidence offered by the defendant was itself insufficient to support his claim to exemption as a minister within the meaning of the Act and the regulations; no contradictory evidence was therefore required; the motion on this ground is denied.

The fourth ground of the motion was that the defendant had been denied substantive and procedural due process of law as guaranteed by the Fifth Amendment in that the defendant had been denied an appeal from the classification by the local board and in failing to accord him hearings in addition to the hearing held on October 7, 1964; the record discloses that the defendant requested and was granted an opportunity to appear before the local board and that he requested and was granted an appeal to the State Appeal Board; the record also reveals that all of the information which the defendant

**180**

had supplied to the local board was available to and in the possession of the appeal board at the time of its action; procedural due process does not require that the appeal board accord a hearing to the defendant at that stage or that it accord the defendant the further opportunity to present written evidence at that stage; the motion on this ground is denied. The fifth ground of the motion for acquittal is that, following the action of the appeal board in confirming the classification of 1–0 and denying the classification of 4–D, the local board abused its discretion by refusing to reopen the defendant's classification in April 1965; in April 1965, the defendant stated in a letter to the local board that he had additional information which he was willing to present on request; unless the defendant had taken the initiative to present new and significantly different evidence with respect to his status, the local board was not obliged to reopen the matter; the motion on this ground is denied. The sixth ground of the motion for acquittal was that there had been an insufficient showing by the government with respect to the propriety of selecting Madison General Hospital as the place for the defendant to perform his civilian work; the court permitted the government to amplify the record in this respect at the trial after it had rested its principal case; permitting the introduction of this additional evidence was within the discretion of the court; the evidence was sufficient to overcome the defendant's objection; the motion for acquittal on this ground is denied. Finally, the defendant rested his motion for acquittal on the ground that the government had wholly failed to prove the defendant guilty beyond a reasonable doubt; for the reasons stated above, the motion on this ground is denied.

For the reasons given, and upon the basis of the entire record herein, the Court finds and adjudges the defendant guilty of the crime charged in the information on file herein.