**UNITED STATES of America**

v.

**Harold William DYER, Jr.**

**Crim. No. 7667.**

United States District Court
N. D. West Virginia.

Aug. 28, 1967.

Michael Hahalyak, Pittsburgh, Pa., for defendant.

MAXWELL, Chief Judge.

Defendant Harold William Dyer, Jr., indicted for failing to report for civilian work, in lieu of military service under provisions of the Universal Military Training and Service Act of 1948, 50 U.S.C.A. App. 451 et seq., was tried before this Court without a jury on July 11, 1967. At the close of the evidence Defendant moved for judgment of acquittal. Having fully reviewed the evidence and carefully studied the arguments presented in briefs submitted by counsel, the Court denies the motion for acquittal and finds Defendant guilty as charged.

Dyer urges three grounds in support of his motion for acquittal. First, he claims that he was denied the right to appeal his conscientious objector classification by the local board to the appeal board. Second, he claims that a member of the local board, the chairman, stated that he felt a seminary education was required to entitle one to a IV–D ministerial classification. Third, Dyer argues that the failure to advise him of his right to counsel before the local board "constituted a violation of his constitutional rights."

The first ground for the motion, that Defendant was denied his right to appeal the local board's decision, requires a brief statement of facts.

After originally being classified I–A on September 7, 1965, Dyer complained [1] that he was a conscientious objector. Following a hearing before the local board he was classified I–O on January 26, 1966.[2]

John H. Kamlowsky, U. S. Atty., Wheeling, W.Va., for plaintiff.

[1]. In his brief, Defendant mentions two requests for appeal. Apparently, Dyer's first request involved his letter of September 26, 1965, in which he complained of his 1–A classification. (See page 78 of Plaintiff's Exhibit Number 1 [the local board's file on the Defendant]). While' this letter does seem to indicate a desire to appeal, it speaks only of the claim that Dyer is a conscientious objector and makes no mention of a claim for a ministerial exemption. Since a hearing was later held which led to the granting of the I–O classification sought by Dyer in the September 26, 1965, letter, there was clearly no prejudice resulting from the failure to provide him an appeal at this stage.

[2]. Actually, the notice of classification mailed to Dyer following the January 26 hearing left his classification status

On March 2, 1966, Dyer wrote a letter to the local board insisting he was entitled to a IV–D classification as a minister. The letter (Plaintiff's Exhibit Number 1, at page 46) closed with the following sentence:

This is an "appeal" that you will sincerely considered (sic) my feelings Regarding this.

At trial in this case Dyer admitted, on cross-examination, that his concern in writing the letter of March 2, 1966, was to have his status reconsidered. He had no specific intent that the matter be referred to the Selective Service appeal board.

The above letter was treated as a request for a rehearing before the local board. Such a rehearing was held on March 28, 1966, at which time the ministerial exemption was denied and Dyer was reclassified I–O.

It does not appear that Dyer made any effort to appeal the local board's decision of March 28, 1966.

Defendant in his brief places reliance on two cases, Chih Chung Tung v. United States, 142 F.2d 919 (1 Cir. 1944); and United States v. Olkowski, 248 F.Supp. 660 (W.D.Wis.1965).

In both these cases, however, as the Government points out in its brief, the letters from registrants, found to be requests for appeals, were written within the ten-day appeal period provided for under Title 32, Code of Federal Regulations, Section 1626.2(c) (1). See United States ex rel. La Charity v. Commanding Officer, 142 F.2d 381 (2 Cir. 1944).

■ In order to find that Dyer has been denied his administrative appeal, this Court is asked, in effect, to ignore not only Defendant's own testimony surrounding his intent, when he wrote the pivotal letter of March 2, 1966, but also to abstain from recognizing the express requirement of the Selective Service regulations that such an appeal must be taken within ten days of the mailing of the classification notice. This the Court cannot do. There is neither licit nor inferrible basis for concluding that Defendant has been deprived of his appeal right.

The second ground for Defendant's motion is that the chairman of the local board "applied an erroneous standard in requiring a minister to attend a seminary before he could be classified as IV–D."

The sole basis for this allegation is the Defendant's uncorroborated testimony that at some time *after* the local board hearing the chairman of the local board said to Dyer that he felt a seminary education was a prerequisite to obtaining a IV–D ministerial classification.

■ There is no doubt that the statement attributed to the local board chairman is an erroneous statement of the law. United States v. Hurt, 244 F.2d 46 (3 Cir. 1957).

Defendant cites the case of United States v. Fielder, 136 F.Supp. 745 (E.D. Mich., S.D.1954), as holding that under such circumstances the local board's finding must be disregarded as in violation of procedural due process. *Fielder* said, 136 F.Supp. at 747:

Any doubt, in a case of this kind, must be resolved in favor of the defendant. Although there was sufficient basis in fact for denial of a IV–D classification to defendant, the classification, under the circumstances present here, was not made in accordance with the regulations, specifically Sec. 1622.1(d). [Title 32, Code of Federal Regulations].

In considering this second ground of the motion, it must be recognized that nowhere does Defendant contend there was no basis in fact for the denial of IV–D classification. A recent Selective Service decision from this Court, affirmed by the United States Court of Appeals for

blank, due to a clerical omission by the clerk. (See page 40 of Plaintiff's Exhibit Number 1.) However, there is no doubt that Dyer realized he had been reclassified I–O after the January 26 hearing. If there was doubt, it would

be anomalous if Dyer coudl first argue that he was never classified I–O, at least before March 28, 1966, and yet was denied an appeal request allegedly made in his letter of March 2, 1966.

this Circuit, United States v. Jackson, 369 F.2d 936, 938 (4 Cir. 1966), finds in part:

> The courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant.

It is also significant that Defendant did not appeal the denial of his IV–D classification. Concerning this point the Fourth Circuit said in Jackson, supra, 369 F.2d at 939:

> Defendant assigns as error the District Court's refusal to admit evidence tending to show prejudice on the part of a Selective Service official. It is to be noted that defendant did not appeal his classification to the Appeals Board established within the Selective Service structure for such purpose. He failed to exhaust the administrative remedies provided by the Uniform Military Training and Service Act and the limited power of review precludes the federal court from entertaining a claim of prejudice not raised before the appropriate administrative agency.

Here, in a non-jury trial, there was no urgency for an immediate decision as to the admissibility of Dyer's meager evidence that a single board member may have applied an erroneous standard. Jackson makes clear that such evidence should be excluded.

Although this ground need not be considered further, it seems appropriate to note that the Fielder case, supra, 136 F. Supp. 745, on which Defendant relies, gives little support for his position.

Not only has the correctness of that decision been questioned, United States v. Chodorski, 240 F.2d 590, 593 (7 Cir. 1956), but as the Court in Jackson pointed out, 369 F.2d at 939, Fielder is distinguishable in that the prejudice of the local board was obvious. In addition, in Fielder two witnesses corroborated the testimony of the defendant concerning the existence of the prejudicial remarks and their impact on the classification decision. In fact, the Fielder case remarks clearly reflect religious bias and were made in the presence of the entire local board at a hearing. Nothing of the sort occurred here.

■ Considered in its purist context, this Court believes the complained of remarks in this case were, for all practical purposes, a conversational over-simplification of a serious legal principle by a layman. In no particular did the remarks reflect, as this Court is able to discern, that they were the basis of the local board's classification responsibility, or anything other than one individual's idle comment to another.

■ Finally, Defendant claims that the failure of the local board to advise him of his right to counsel and to afford him counsel "constituted a violation of his constitutional rights." In support of this position Dyer relies on Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), arguing that these cases are relevant at the administrative level here "because a criminal penalty of a substantial nature flows from the matters taking place before the local board which are of equal significance to a juvenile court proceeding or any quasi-criminal proceeding."

Such a sweeping extension of Miranda and Gault to a civil administrative proceeding, which in no sense involves custody over the registrant, is completely unwarranted.

Further, even if the Court were to hold Miranda applicable to Selective Service hearings, this would avail Dyer nothing, as there was no effort to introduce any statements made by Dyer at any of the local board hearings.

In conclusion, for the reasons given, Defendant's motion for judgment of acquittal is denied. An order will be entered finding the Defendant guity as charged.