UNITED STATES of America
v.
Thomas Darrell CAMP.
Crim. No. A–24974.

United States District Court
N. D. Georgia,
Atlanta Division.

Sept. 18, 1967.

Charles L. Goodson, U. S. Atty., Charles B. Lewis, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Morris Brown, Atlanta, Ga., for defendant.

EDENFIELD, District Judge.

ORDER

Defendant, who has been indicted for failing to report to his draft board to receive instructions to report for civilian work, after having been classified as a conscientious objector, has issued a subpoena duces tecum to General Lewis Hershey, Director of the Selective Service System. General Hershey has been asked to bring with him any "matrix light box, pen or other mechanical devices used by personnel of his office other than himself to reproduce his signature in ink ostensibly in his own hand, not devices used to reproduce by printing, mimeograph, and allied processes" (quoting from the Government's motion to quash).

The United States Attorney, appearing both as prosecutor in the instant case and also as attorney for General Hershey, has moved to quash the subpoena on grounds that the evidence sought is irrelevant, immaterial, and does not meet the requirements of good faith, and that it is in reality a discovery device in the nature of a fishing expedition.

At an informal hearing held on September 11, 1967, counsel for all parties were given hearing on the motion, and defense counsel explained his intent in seeking such a subpoena. He alleged that defendant, a Jehovah's witness, had sought a ministerial classification in his draft board appearances, but instead had been given a classification of conscientious objector. Further, that in accord with a Selective Service regulation, found in 32 C.F.R. § 1606.24 and 32 C.F.R § 1660.20(d), the order establishing Grady Hospital, the municipal hospital in Atlanta, Georgia, as a suitable place for a conscientious objector to work had to be approved and signed by General Hershey

personally. Defendant contended that a letter of July 8, 1966 to the Georgia Selective Service Director, approving Grady Hospital, was clearly a machine typed letter with a facsimile signature, and therefore the assignment was procedurally invalid as being in violation of Selective Service regulations. Defendant contended that such a procedural defect was also prejudicial in that the defendant not only objected to serving under government compulsion in general, but would be particularly loath to serving in a government *operated* facility such as a city hospital. Therefore, the government order, in effect, was compounding the moral consequences of the act, as viewed by defendant.

■ The motion is granted on several grounds. First and most important, defendant has been indicted for failing to *report to his draft board* in order to receive a final order to report for civilian work. Whether the draft board intended to assign him to Grady Hospital or to a private charitable institution or whether defendant informally knew of the assignment (which has not been alleged) is not relevant to any possible defense, for the charge does not involve a failure to report for actual work. Hence any alleged prejudice occurring as a result of a procedural defect (assuming arguendo that there was one) occurred only hypothetically, for the offense was complete before the impact of the procedure reached the defendant and prejudice is essential. United States v. Sturgis, 342 F.2d 328 (3rd Cir. 1965). Had defendant appeared before the board and explained both his willingness to work in a private institution and his objections to a municipal institution, it is not inconceivable that he could have been assigned to a private institution. The court will not attribute malice to the local board. Therefore, we conclude that defendant had failed to exhaust his administrative remedies, at least as to this issue, and cannot raise this question in court. Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917; Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305;

**402**

United States v. Jackson, 369 F.2d 936 (4th Cir. 1966). The case of Daniels v. United States, 372 F.2d 407 (9th Cir. 1967) is distinguishable from the present case, although the facts and the charge against the defendant are almost identical. In *Daniels*, it was held that the classification procedure had been exhausted by the time the defendant was ordered to report to his board for further orders. Therefore, his administrative remedies had been exhausted, and on trial, he could question the correctness of his classification. There is a far narrower question before this court. Here, General Hershey and his documentary evidence are sought only for the purpose of demonstrating a prejudicial breach of Selective Service regulations. Defendant here did have an administrative remedy, for if he had appeared, he could have made a final argument on the question of a government versus a private institution.

■■ Secondly, the court grants the motion on the ground that defendant lacks any standing to raise the question of prejudice in being assigned to a municipal hospital instead of a private institution because he has not alleged that he would have reported to a private institution if he had been so ordered, nor has he alleged that he ever made this known to the board. And the burden of showing prejudice is on the defendant. United States v. Sturgis, supra. In fact, defendant has affirmatively declined to allege this.

Although the court considers that either of these grounds alone would support granting the motion to quash the subpoena, the court finds still a third ground. Section 8(c) of the Military Selective Service Act of 1967, 81 Stat. 100 legislatively redefines the scope of judicial review, previously set forth in 50 App.U.S.C. 460(b) (3), as follows:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in ·war in any form: Provided, that such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

■ The court considers that the plain words of this section provide the following:

(1) it governs court review occurring after June 30, 1967, the date of the approval of the Act, regardless of when the offense occurred;

(2) the administrative process is not complete until a conscientious objector has failed to report *for work;* a failure to report *for orders* means the defendant has *not* exhausted his administrative remedies, and therefore may not raise the questions of classification or procedure when on trial for failure to so report.

These conclusions would also justify granting the motion.

■ The court does not desire to intimate anything concerning the good faith of the subpoena duces tecum as issued. We assume it is issued in good faith.

However, the court is aware of the announced intention of various other persons through the country to so multiply the amount of selective service litigation and so harass and impede the Selective Service System itself that it will collapse. Considering the number of Selective Service cases on this court's docket alone, it requires little imagination to see the consequences of opening the door to bringing in any Selective Service official who may have dealt with defendant's case on so little showing as exists here of the materiality or relevance of his evidence. Selective Service officials and board members (most of

them unpaid volunteers) would become professional witnesses, and the draft would in fact collapse. General Hershey, for instance, could be subpoenaed to appear at every selective service trial throughout the United States in the hope that, somehow, something could be extracted to defendant's advantage. The undesirability of the precedent that would be established here weighs heavily in favor of the Government's motion. On these grounds, the court considers that granting the motion to quash on the ground that the subpoena would be burdensome and oppressive is within the clear intent of Rule 17(c) and within the court's discretion.

Therefore, the government's motion to quash the subpoena is granted.