**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William George MIENTKE, Defendant-
Appellant.**

**No. 16320.**

United States Court of Appeals
Seventh Circuit.

Dec. 26, 1967.

Vernon Molbreak, Madison, Wis., for appellant.

Edmund A. Nix, U. S. Atty., John E. Clarke, Asst. U. S. Atty., Madison, Wis., for appellee.

Before HASTINGS, Chief Judge, KNOCH, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

KNOCH, Senior Circuit Judge.

The defendant-appellant, William George Mientke, was tried and found

guilty in a trial by the District Court, jury having been waived, of a violation of the United States Code, Title 50 App. U.S.C.A. § 462, in failing to report to his Local Selective Service Board for assignment to civilian work of national importance, i. e. at Madison General Hospital. The Trial Judge imposed a sentence of two years' imprisonment and this appeal followed.

Congress has provided that the decisions of the Local Selective Service Board shall be final, except where an appeal is authorized and taken in accordance with the rules and regulations prescribed by the President. Title 50 App. U.S.C.A. § 460. The Appeal Board shall classify the registrant giving consideration to the various classes in the same manner as the Local Board. Regulation 1626.26(a). The decision of the Appeal Board is final unless appeal is taken to the President or the Local Board changes its decision. Regulation 1626.26(b). The classification proceedings of the Selective Service System have been repeatedly upheld as administrative in nature subject only to limited review as to whether there was a basis in fact for the finding. Dickinson v. U. S., 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Cox v. U. S., 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1947); U. S. v. Petiach, 7 Cir., 1966, 357 F.2d 171. The defendant does not seriously question that principle.

■ The defendant takes the position that because of the limited scope of review the proceedings before the Local Board take on the character of a criminal proceeding in which the registrant should not be deprived of the protections and privileges provided under the Fifth and Sixth Amendments to the United States Constitution for one accused of a crime. This point was not argued in any detail before the District Court. Nevertheless we have given it consideration in this Court. The defendant complains that he was denied assistance of counsel, protection against self-incrimination, confrontation of witnesses, and opportunity for oral argument concerning the evidence considered in connection with his classification. He contends that the Local Board members merely directed questions to him which he answered but that they cut short his attempts to elaborate on his answers. From the evidence adduced at the trial, and from letters he subsequently wrote the Board, it appears that some of this elaboration would have concerned comparison with unquestioned ministers and priests who devoted substantial portions of their time to matters other than strictly religious activity. It does not appear that the additional material as shown in the letters and statements made by the registrant would have been significantly different from the matters presented to and considered by the Local Board. In any event, all this added data was before the Appeal Board.

The appellant contends that the Local Board placed undue emphasis on his secular employment, disregarding the fact that a Jehovah's Witness Minister receives no salary and must find some other means of support, that he would quit such secular employment whenever it interfered with the practice of his ministry.

The Trial Judge in his opinion carefully reviewed all the evidence, Case No. CR 66–51, January 11, 1967, 278 F.Supp. 177. He notes that from varying statements, oral and written, as to the number of hours devoted by the registrant to his religious activities, the Board might reasonably have concluded that he spent approximately twenty hours per week in pursuit of his religious work and an average of fifty hours in gainful secular employment, plus fourteen hours per week on farm chores at his residence. The Trial Judge heard testimony on this point by the defendant from which it appears that he was spending about sixty-four hours in secular employment and about twenty-four hours on active religious duties weekly. The defendant insisted that he spent an additional twenty to twenty-five hours weekly in study and preparation as distinguished from activity. The Trial Court thought there might

have been some confusion here in the light of the time the defendant said he spent in sleep, travel, etc.

■ We agree with the District Court that the most favorable estimate would appear not to exceed about thirty hours per week for religious activity. We also agree with the District Court that there was a basis in fact for the conclusion that the defendant did not regularly, as a vocation, teach and preach the principles of religion and administer the ordinances of public worship of his sect. Title 50 App. U.S.C.A. § 466(g).

■ It was unnecessary for the Board to confront the defendant with witnesses. His own testimony provided the basis for a reasonable conclusion that he did not qualify for classification 4–D, Minister. The appellant was not denied procedural due process.

■■ The proceedings before the Local Board are not converted from administrative in nature to criminal by virtue of the defendant's having subsequently been accused of the crime of failing to obey an order to report for civilian duty. He was in no way incriminating himself at the classification proceedings which were purely administrative in nature and therefore did not require criminal safeguards. One accused of the crime of failure to report for civilian duty may raise the defense that the administrative body acted outside of its power during one of the steps leading to the order which the accused refused to obey. The Trial Court considered such a defense here and found it wanting. We agree with the reasoning of the Trial Judge. The privilege of raising the defense at some later date does not change the character of the earlier classification process.

The Court appreciates the skilled and devoted services rendered by Mr. Vernon Molbreak of the Wisconsin bar, who represented the defendant-appellant as Court-appointed counsel.

The judgment of the District Court is affirmed.

Affirmed.