Lawrence Monroe **HAVEN**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21708.**

United States Court of Appeals
Ninth Circuit.

Oct. 25, 1968.

Certiorari Dismissed Feb. 28, 1969.

See 89 S.Ct. 926.

Alvin Spire (argued), Los Angeles, Cal., for appellant.

Arnold Regardie (argued), Asst. U. S. Atty., Wm. M. Byrne, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Gabriel Gutierrez, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and THOMPSON,* District Judge.

THOMPSON, District Judge:

Appellant, convicted and sentenced for failure to report for civilian work as a conscientious objector in lieu of induction into the military service, has assigned as errors on appeal (1) the registrant's selective service file was incompetent evidence; (2) counsel was required to be appointed at an earlier stage of the defense; and (3) a prima facie showing of illegal composition of the draft board was made and was not controverted.

■ Precedent unequivocally supports the rule that the registrant's selective service file, properly authenticated, is competent evidence in a criminal prosecution for violation of the Universal Military Training and Service Act. "The point is completely without merit. (Cf. Rule 27, Federal Rules of Criminal Procedure; and Rule 44(a), Federal Rules of Civil Procedure.) Both this circuit and others have authorized the introduction into evidence of duly authenticated copies of the registrant's Selective Service files. La Porte v. United States, 300 F.2d 878 (9th Cir. 1962); Yaich v. United States, 283 F.2d 613 (9th Cir. 1960); Kariakin v. United States, 261 F.2d 263 (9th Cir. 1958); Olender v. United States, 210 F.2d 795 (9th Cir. 1954); United States v. Borisuk, 206 F.2d 338 (3d Cir. 1953). Cf. Wong Wing Foo v. McGrath, 196 F.2d 120, 123 (9th Cir. 1952)." Parrott v. United States, 9th Cir. 1966, 370 F.2d 388.

■ Regarding the second assignment, Appellant waived counsel at his arraignment on November 14, 1966 and pleaded not guilty. Jury trial was set for December 19, 1966. Subsequently, Alvin Spire, Esq. was appointed to defend him, and on December 19 and 20, 1966, a waiver of jury trial was signed and filed and the case was continued to December 23, 1966 for a trial before the Court. A partial trial was then held and on motion of defendant, the trial was continued to January 13, 1967 to enable defendant to produce witnesses material to the issue raised by his third assignment of error. In all critical judicial proceedings, Appellant was represented by competent counsel. His specification of error is vague and ambiguous. His argument implies a contention that he is entitled to the assistance of counsel in the administrative proceedings before the draft board. The Sixth Amendment right to counsel does not apply to administrative proceedings in the selective service process. United States v. Capson, 10th Cir. 1965, 347 F.2d 959; Imboden v. United States, 6th Cir. 1952, 194 F.2d 508. Cf. United States v. Wierzchucki, D.C.Wis.1965, 248 F.Supp. 788. See United States v. Nugent, 1953, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417.

■ Finally, Appellant, who is Jehovah's Witness, contends that members of that sect have been systematically excluded from serving on local draft boards and that he was, therefore, classified and ordered to report for civilian work by a board which had no power because its composition was unconstitutional. He sought to prove this by submitting the testimony of a fifty-four year member of the sect, an overseer in the Los Angeles area, to the effect that no member of the sect, so far as he knew, had ever been asked to serve on a local board. This was corroborated by defendant's testimony. The Government's rebuttal consisted of the testimony of the Coordinator of the Selective Service System for the Southern District of Cali-

---

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

fornia to the effect that the appointment of members of local boards and their composition are controlled by law, that religious preference is not one of the qualifications and that no inquiry is made or record kept of the religious preferences of the persons appointed. Defendant argued that a prima facie showing of systematic and arbitrary exclusion on the basis of religious belief had been made and that it was then incumbent on the Government to prove the absence of systematic exclusion of Jehovah's Witnesses from membership on selective service boards, citing Avery v. State of Georgia, 345 U.S. 559, 73 S.Ct. 891, 97 L.Ed. 1244, and Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884. The trial court entertained the defense as a possibility but found as a fact that no prima facie showing of systematic exclusion had been made. This finding is supported by the evidence.

■ While this may dispose of the appeal, we prefer to rest our decision on a broader ground. We find no support in administrative law or in constitutional law for a contention that the composition of the membership of an administrative board, comprised under laws which are not themselves void for constitutional infringement, may be attacked by showing that certain groups or classes of persons, racial, religious or otherwise, have never been privileged to serve on such a board. We see no fair analogy between the composition of a jury, required by the Sixth Amendment to be fair and impartial, where systematic and deliberate exclusion of classes of persons will destroy

the constitutional qualification of the tribunal, and the composition of an administrative board in the executive department of the Government.

The Universal Military Training and Service Act authorizes the President to prescribe regulations and to "create and establish within the Selective Service System civilian local boards * * *. Each local board shall consist of three or more members to be appointed by the President from recommendations made by the respective governors or comparable executive officials. * * * No member of any local board shall be a member of the armed forces of the United States, but each member of any local board shall be a civilian who is a citizen of the United States residing in the county or political subdivision corresponding thereto in which such local board has jurisdiction." 50 U.S.C. App. § 460(b), prior to amendments, effective January 1, 1968.

The regulations (32 C.F.R. 1604.52) [1] complete the qualifications of a local board member. He must be (1) a male citizen of the United States; (2) a resident of the county over which the board has jurisdiction; (3) over the age of twenty-nine years; and (4) not a member of the armed forces. (Amendments effective January 1, 1968 have changed the requirements.)

■ We find nothing in the requirements of the law and regulations which can be characterized as invidiously discriminatory. Accordingly, if the local board members have been appointed by the President upon the recommendation of the Governor, and each member meets

---

1. "§ 1604.52 Composition and appointment.

"(a) A local board of three or more members shall be appointed for each local board area by the President upon recommendation of the Governor.

"(b) A local board of three or more members, with at least one member from each county included within the intercounty local board area, shall be appointed for each intercounty local board area by the President upon recommendation of the Governor.

"(c) The members of local boards shall be male citizens of the United States who shall be residents of a county in which their local board has jurisdiction and who shall also, if at all practicable, be residents of the area in which their local board has jurisdiction. No member of a local board shall be a member of the armed forces or any reserve component thereof. Members of local boards shall be at least 30 years of age."

the requirements of the law and regulations, no further attack upon the composition of the board may be entertained. The mental processes, prejudices and biases of the appointing authorities are not a subject of judicial scrutiny and supervision.

We have found but one reported case directly commenting on this problem. *United States ex rel. Lawrence v. Commanding Officer, etc.,* D.C.Neb.1945, 58 F.Supp. 933. There, strangely enough, the complaint was that no farmers were on the local board in a case where an agricultural deferment was claimed. The argument was rejected.[2]

This is not to say that one or more board members may not be personally disqualified in a particular case by reason of actual bias or prejudice. *United States v. Fielder,* E.D.Mich.1954, 136 F.Supp. 745. The regulations themselves recognize some grounds for personal disqualification in a particular case [3] and require fair classification of registrants. Subdivisions (b) and (d) of Section 1622.1, 32 C.F.R., provide as follows:

"(b) Classification is the key to selection and it must be accomplished in the spirit of the Universal Military Training and Service Act, as amended, in which the Congress has declared 'that in a free society the obligations and privileges of serving in the armed forces and the reserve components thereof should be shared generally, in accordance with a system of selection which is fair and just, and which is consistent with the maintenance of an effective national economy."

"(d) In classifying a registrant there shall be no discrimination for or against him because of his race, creed, or color, or because of his membership or activity in any labor, political, religious, or other organization. Each such registrant shall receive equal justice."

While personal interest, bias or prejudice may disqualify a local board member from participating in a particular case, the charge of disqualification cannot wilfully be withheld for assertion for the first time as a defense to a criminal prosecution. *United States v. Jackson,* 4th Cir. 1966, 369 F.2d 936; *United States v. Phillips,* N.D.W.Va. 1956, 143 F.Supp. 496. Cf. *Williams v.*

2. "The complainant directs attention to the fact that no member of the board was a farmer, thus questioning the competency of the board to pass understandingly upon an issue of agricultural deferment, and perhaps its impartiality in such action. He magnifies the remoteness from the soil of the board members. It is true that none of them was an actual farmer. But some of them were reared on farms and had had farming experience and contacts. Besides, they seem to the court to have been fully competent in the premises and to have devoted careful consideration to the problem before them. However, the personnel of the board is strictly an administrative responsibility, over which the courts have and should assume no concern. In the absence of any evidence either directly or indirectly pointing to the actual hostility of the members of the local board to the agricultural deferment in general, or to a misunderstanding of, or hostility to, the complainant's claim, resting in their several occupations, the court can perceive no materiality or relevancy to the pending issue, in those occupations. The court, therefore, forbears to discuss further a detail which is beyond the realm of judicial business. It does observe in passing that the local board members were residents of Lake County, though most, but not all, of them worked in Chicago, which is in Cook County, Illinois." 58 F.Supp. at 942.

3. 32 C.F.R., § 1604.55, Subdivision (a): "No member of a local board shall act on the case of a registrant who is his first cousin or closer relation, either by blood, marriage, or adoption, or who is an employee or employer, or who is a fellow employee, or stands in the relation of superior or subordinate in connection with any employment, or is a partner or close business associate of the member. If because of this provision a majority of a local board cannot act on the case of a registrant, the local board shall request the State Director of Selective Service to designate another local board to which the registrant shall be transferred for action on his case."

United States, 9th Cir. 1953, 203 F.2d 85.

No error being shown, the judgment is affirmed.