**UNITED STATES of America,
Appellee,**

v.

**Wrightson Samuel TONGUE, Jr.,
Appellant.**

**No. 12702.**

United States Court of Appeals
Fourth Circuit.

Argued Feb. 6, 1969.

Decided March 4, 1969.

Certiorari Denied June 16, 1969.
See 89 S.Ct. 2113.

Frank M. McCann (Court-appointed counsel) for appellant.

William C. Breckinridge, Asst. U. S. Atty., for appellee.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

Wrightson Samuel Tongue, Jr., after a trial by the court, was convicted on a charge of failing to submit to induction into the Armed Forces of the United States in violation of 50 U.S.C. App. § 462. On appeal we affirm.

Our first approach is to restate the well-established rule that the determination of a registrant's classification made by a Selective Service Board in conformity with regulations may be overturned by the courts only if it clearly appears that there is no basis in fact for such classification.[1]

This defendant registered with Local Board No. 22 for the City of Lynchburg, Virginia, on August 26, 1960. In 1963 he was given the classification of IV-D, which is the ministerial classification, which he retained until 1967. In April 1967 the Board, having obtained information which indicated that defendant was no longer entitled to the ministerial classification, classified him I-A. On appeal, the Appeal Board approved the I-A classification by a vote of 5–0, and in May he was notified to present himself for physical examination on June 12, 1967. On that date defendant appeared before a Local Board in Freeport, New York, and effected transfer to that jurisdiction for the purpose of submitting to the ordered physical examination, stating that he then lived in that area. The physical examination was scheduled for August 24, 1967, but on August 23 the Board at Freeport received a telegram sent by defendant from Woodbridge, Virginia, indicating that the defendant no longer lived in the Freeport area. Another telegram sent by defendant from Woodbridge, Virginia, was received by Local Board

1. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States v. Jones, 382 F.2d 255 (4 Cir. 1967); United States v. Jackson, 369 F.2d 936, 938 (4 Cir. 1966); Blalock v. United States, 247 F.2d 615, 619 (4 Cir. 1957).

No. 22 on August 25, stating that he was financially unable to appear for physical examination in New York, that he was then a resident of Woodbridge, Virginia, and asking instructions. He was then permitted to transfer for his physical to a Local Board at Manassas, Virginia, and after being examined on October 25, 1967, he was found qualified for induction in the Armed Forces. He was notified to that effect on November 2, 1967.

On November 6, 1967, Local Board No. 22 received a letter from defendant requesting that he be furnished information and forms concerning conscientious objector status so that he could apply for that classification. In response the Local Board mailed to him the "Special Form for Conscientious Objector." He completed the form in detail but appended what he termed "a final note" in which he requested that he be classified I-W, stating that he was performing work contributing to the maintenance of the national health, safety and interest through speaking, writing and singing and concluding as follows: "I cannot obey any directive from the Board which would alter the course of the task to which I have been set."

On November 22, 1967, Local Board No. 22 classified defendant as I-O (Conscientious Objector) and he was so notified. Additionally, he was afforded the right of a personal appearance or an appeal within thirty days. It was explained to him by letter that Class I-W is applicable only to a registrant who has reported for civilian work in accordance with an order of his Selective Service Board. On December 5, 1967, the Local Board No. 22 received a letter from the defendant protesting the I-O classification and the Board responded with the advice that if he did not take further procedural action by the close of his appeal period on December 23, 1967, the process for ordering him for civilian work would begin in due course. On December 22, 1967, one day prior to the close of the appeal period, the Local Board at Lynchburg received a six-page letter from the defendant which contained the following statement:

"Accordingly, I hereby note an appeal, though I have no clear idea what I am appealing for; I know only that I am doing what I must do and cannot forsake it."

In the next paragraph of his letter he appeared to take a contradictory position regarding appeal. After giving information about his earlier activities [2] in New York in connection with organizing a musical and singing group, expending "thousands of dollars" in recording studios and having prepared for an engagement at a theater which promised to be very profitable he stated that he left the group and returned home "quite discouraged and very broke," realizing that he was "serving himself and not fulfilling his calling." He then asked advice as to whether he should request an appearance before the Board or an appointment for legal advice and for what official classification he might apply or appeal. There was further correspondence between the defendant and Local Board No. 22 and in January the Board received a letter from defendant requesting a personal appearance before the Board and requesting a further delay because he had concluded contracts in the latter part of 1967 which required his return to New York the next day where he would be occupied until the end of the month. The defendant's Selective Service file was then transferred to the proper Appeal Board and, after reviewing the entire file, the Appeal Board classified defendant as I-A.

On January 12, 1968, Local Board No. 22 issued the defendant an order to report for induction on February 1, but defendant made a telephone call to the Board on January 16, 1968, protesting the order and claiming that an error had been made. On January 17, 1968, the defendant's Selective Service file

2. The activities to which defendant referred had led to a change from a ministerial classification to I-A.

was returned to the Local Board No. 22 directing it to reconsider defendant's classification. Upon reconsideration by the Local Board the defendant was assigned the classification I-A by a vote of 3–0 on January 24, 1968.

On January 25, 1968, defendant was notified of the reclassification and of the right to a personal appearance or appeal within thirty days, but the defendant sent a letter to the Local Board, received on February 1, 1968, protesting the I-A classification, applying for deferment or, in the alternative, for I-O classification.

Further correspondence passed between Local Board No. 22 and the defendant in which the latter applied for deferment based upon "hardship and occupational" grounds and he was then furnished, on March 4, 1968, a questionnaire to be completed in connection with his application for hardship or occupational deferment. The defendant provided no information or evidence in connection with these claims and on March 15, 1968, he was then issued another order to report for induction on April 8.

On March 18, 1968, three days after issuance of the order to report for induction, defendant wrote to the same Local Board, related the history of his life and philosophy and requested a change in his Selective Service status. This Board again reconsidered registrant's classification but finding no change in his status resulting from circumstances over which he had no control, the case was not reopened and he was notified to report as ordered. When defendant remained adamant in his refusal to report for induction the indictment on which he was tried was returned by the federal grand jury in May of 1968.

█ It thus clearly appears from the defendant's Selective Service file that he had set upon a fixed course to avoid and escape induction into military service and was determined to do whatever might be necessary to accomplish his objective. His resourcefulness was evidenced at every turn. The Selective Service officials permitted one delay after another in the processing of this registrant, obviously attempting to extend to him every possible consideration. From our examination of the record and upon review of all of the proceedings we cannot say that there is no basis in fact for the Board's classification of the defendant as I-A. Therefore, the judgment of conviction will be affirmed.

Affirmed.