**UNITED STATES of America,**
**Plaintiff,**

v.

**John Douglas HEDGES, Defendant.**

**Crim. No. 4–1283–C–1.**

United States District Court
S. D. Iowa,
Central Division.

March 24, 1969.

James P. Reilly, U. S. Atty., Southern District of Iowa, for plaintiff.

Joseph S. Brick, Des Moines, Iowa, for defendant.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

On June 21, 1968, the grand jury indicted the defendant, John Douglas Hedges, on the charge of wilfully and knowingly failing and neglecting to comply with an order of his local Selective

Service Board to report for and submit to induction into the armed forces of the United States, in violation of 50 App. U.S.C. § 462. The defendant waived a jury trial in writing and requested that he be tried by the Court. The Government consented thereto. The case was tried to the Court on November 14, 1968. Final briefs were filed January 7, 1969.

The chronological sequence of events giving rise to the charge herein was brought out at trial and stands largely undisputed. Defendant first registered with the Selective Service System on June 8, 1960, at Local Board No. 13–37 of Greene County, Iowa, hereafter referred to as the Local Board. On June 27, 1961, the defendant was classified I–A, available for induction, and retained in that classification until the Local Board received evidence that he was enrolled as a full time student at Simpson College, Indianola, Iowa. Based on that information the Local Board classified the defendant II–S, the student deferment classification, on January 30, 1963. The defendant received a student deferment until he completed his undergraduate work for a degree at Simpson College, and throughout his graduate study in law school at the State University of Iowa, Iowa City, Iowa. The defendant graduated from law school in August, 1967, and, having been found physically acceptable for induction (Exhibit 1–B), the Local Board classified him I–A on September 12, 1967.

Previous to the last classification, the defendant had notified the Local Board of his intention to enter and his acceptance into the Peace Corps. After the action of the Local Board on September 12, 1967, the defendant requested permission to leave the United States for Bolivia (Exhibit 1–C), which was denied by the Local Board (Exhibit 1–D). The defendant then by letter filed a notice of appeal (Exhibit 1–E), requesting an occupational deferment. The Local Board, however, treated said letter as a request for a reopening of the previous classification, and denied the same on October 11, 1967. The Local Board then forward-

ed defendant's file to the Appeal Board in compliance with his letter (Exhibit 1–E). On November 2, 1967, the Appeal Board classified the defendant I–A by a vote of 3 to 1. The Local Board was notified on November 9, 1967, that the defendant had departed for Bolivia on November 5, 1967 (Exhibit 1–G). After his arrival in Bolivia the defendant instituted an appeal to the President pursuant to 32 C.F.R. § 1627.3, which allows such appeal when one or more members of the Appeal Board dissent from a classification. On March 22, 1968, the National Selective Service Appeal Board classified the defendant I–A by a unanimous vote. (Exhibit 1–I). Notice of this action was mailed to the defendant by the Local Board on March 29, 1968. An order to report for induction was issued and mailed to the defendant on April 3, 1968.

The Local Board received a letter dated April 1, 1968, under the name of defendant on April 8, 1968, requesting an appeal for reconsideration (Exhibit 1–K). From the evidence at trial, however, it is clear that the defendant did not write the letter (Exhibit 1–K), but it was in fact written by a member of the Peace Corps staff in Bolivia (see Exhibit A). The letter in no way prejudiced the defendant, however, and was not acted upon by the Local Board. Further, the defendant did not at any time disavow authorship of the letter to the Local Board, and apparently adopted it in his letter (Exhibit 1–L) dated April 9, 1968, when he referred to his "appeal for reconsideration" of his request for occupational deferment. In that same letter (Exhibit 1–L) the defendant first indicated his claimed change in conscience. The only direct statement to that effect in Exhibit 1–L, however, was as follows:

"I am now sure that I cannot in good conscience serve in the military service. I have no intention of avoiding my duty to my country and ask to be able to serve my country for two years in a civilian capacity as the law provides."

The defendant then went on to state that he understood "this request will not interfere with the appeal for reconsideration of my request for a 2–A classification." The Local Board considered the letter (Exhibit 1–L) on April 24, 1968, but did not reopen the classification of defendant.

The defendant did not report for induction on April 23, 1968, as ordered, but did appear at the office of the Local Board on May 13, 1968 (Exhibit 1—M). On that same date the defendant wrote a letter (Exhibit 1–N) to the Local Board requesting a Form 150, the form for those persons claiming exemption as conscientious objectors. The Form 150 was mailed to defendant on May 15, 1968, and returned by him on May 21, 1968. The defendant had been given a new induction date of May 27, 1968 (Exhibit 1–O). The Form 150 (Exhibit 1–D) was considered by the Local Board at a regular meeting on May 21, 1968, and the Local Board refused to reopen the classification of the defendant. The defendant was notified of this action by letter (Exhibit 1–Q). It is not disputed that on May 28, 1968, the defendant reported to the induction center, but refused to submit to induction.

The above facts clearly establish a prima facie case for conviction. Fore v. United States, 395 F.2d 548, 554 (10th Cir. 1968). The defendant, however, has filed a written motion for acquittal attacking on various grounds the actions of the Local Board and the induction process. The Court, therefore, must consider the contentions of defendant and determine whether the defendant was denied procedural due process during the classification and induction process. In this regard it should be noted initially that the burden is upon the defendant to prove the defenses that the classification was void or that he was prejudiced by a denial of some procedural safeguard. Fore v. United States, *supra*; United States v. Spiro, 384 F.2d 159, 161 (3d Cir. 1967), cert. den. 390 U.S. 956, 88 S.Ct. 1028, 19 L.Ed.2d 1151 (1968);

United States v. Sturgis, 342 F.2d 328, 331 (3d Cir. 1965), cert. den. 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120 (1965); Rowton v. United States, 229 F.2d 421, 422 (6th Cir. 1956), cert. den. 351 U.S. 930, 76 S.Ct. 788, 100 L.Ed. 1460 (1956); United States v. Camp, 285 F.Supp. 400, 402 (N.D.Ga.1967). Further, in considering the contentions of the defendant the Court notes that the Selective Service Act provides that decisions of the local boards are final (50 U.S.C. App. § 460 (b) (3)). In the leading and much cited case of Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 427, 90 L.Ed. 567 (1946), the Supreme Court said:

"The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant."

Therefore, the scope of review of local board decisions is very limited and the range of review is the narrowest known to the law. Matyastik v. United States, 392 F.2d 657 (5th Cir. 1968); Blalock v. United States, 247 F.2d 615 (4th Cir. 1957). In *Blalock* the Court said:

"The 'clearly erroneous' rule applied in equity appeals has no place here, nor even the 'substantial evidence' rule of the Administrative Procedure Act, 5 U.S.C.A. § 1009. Congress gave the courts no general authority of revision over draft board proceedings, and we have authority to reverse only if there is a denial of basic procedural fairness or if the conclusion of the board is without any basis in fact. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428;

Goff v. United States, 4 Cir., 135 F.2d 610."

It is within these guidelines, therefore, that the Court must deal with the contentions of defendant.

In his motion for acquittal and brief in support thereof, the defendant makes four contentions, which are as follows:

I

"The Greene County Local Board failed to meet, vote and authorize the clerk of the aforesaid to issue the order to report for induction (SSS Form 252) to this defendant contrary to the requirements of 32 C.F.R. § 1604.56 thereby prejudicing this defendant and denying to him due process of law."

II

"The Greene County Local Board failed upon request, to properly consider and/or vote on the question of whether or not there had been a change of status of this defendant resulting from circumstances beyond his control and whether it required his reclassification, all of which is contrary to requirements of 32 C.F.R. § 1625.2, prejudicial to the defendant and violative of due process of law."

III

"The Greene County Local Board acted arbitrarily and capriciously without basis in fact in denying defendant's request for a reopening and reconsideration of his classification, thereby depriving him of due process of law and making his refusal to be inducted not an unlawful act under the circumstances then and there existing."

IV

"Defendant was not provided with mandatory physical inspection required by army regulations to determine his physical fitness for military service, thereby prejudicing this defendant and denying to him due process and making his refusal to be inducted not an unlawful act."

■ In the first ground of his motion for acquittal the defendant contends the Local Board failed to meet and authorize the clerk to issue an induction order to the defendant, thereby failing to adhere to the regulations. The specific regulations referred to are 32 C.F.R. § 1632.1 and 32 C.F.R. § 1604.56. In this regard § 1632.1 states in part that "[i]mmediately upon determining which men are to report for induction, the local board shall prepare for each man an Order to Report for Induction * * *." Reading this in conjunction with 32 C.F.R. § 1604.56, which defines a quorum and provides that "a majority of the members present at any meeting at which a quorum is present shall decide any question or classification * * *," the defendant contends the Local Board was required to meet and specifically authorize the clerk to issue an induction order to this defendant.

As authority for this contention the defendant relies solely on Brede v. United States, 396 F.2d 155 (9th Cir. 1968). In *Brede* the Court was concerned with the failure of a local board to meet and authorize the issuance of an order to report for civilian work under 32 C.F.R. § 1660.-20(d), which provides as follows:

"(d) If after the meeting referred to in paragraph (c) of this section, the local board and the registrant are still unable to agree upon the type of civilian work which should be performed by the registrant in lieu of induction, the local board, with the approval of the Director of Selective Service, shall order the registrant to report for civilian work * * *."

It was held that the failure of the local board to meet and order the registrant to report for civilian work after receiving the approval of the Director voided the action of the clerk in issuing the order. The defendant, however, fails to note that on rehearing, Brede v. United States, 400 F.2d 599 (9th Cir. 1968), the Court modified its opinion, and held that § 1660.20 (d) does not necessarily require a meeting be held after receipt of the approval from the Director. See also Davis v. United States, 402 F.2d 513 (5th Cir.

1968). The question of whether such authorization can be implied from the determination of the local board that certain work was appropriate was left open.

■ It is clear, therefore, that the *Brede* case does not unconditionally support the position of the defendant. Furthermore, the procedure required to order a registrant to report for induction does not contain the requirements of § 1660.20(d). The defendant does not contest his initial I–A classification, and, there is ample basis in fact for such classification. Once a registrant has been classified I–A and exhausted his appeals as the defendant here has done, the only remaining matter is the call up of defendant in the proper order pursuant to 32 C.F.R. § 1631.7. Again, the defendant does not assert that he was not called up in the proper order. It is difficult, therefore, to see in what manner the defendant claims he was prejudiced by the alleged irregularity in the procedure of the Local Board, and, in fact, he was not prejudiced. As a final matter, however, the Court finds that there was no such irregularity. The classification of defendant as I–A by the Local Board was a determination on their part that he was available for induction. The order of call pursuant to § 1631.7 is merely an administrative matter and requires no determination of a "question or classification" under § 1604.56. See generally, United States v. Smith, 291 F.Supp. 63, 67 (D.N. H.1968). The testimony of the clerk of the Local Board that she was authorized to sign and issue induction orders according to the proper order of call was not contradicted by the defendant and there was no evidence to show that such procedure prejudiced the defendant. See generally, United States v. Lawson, 337 F.2d 800, 812–813 (3d Cir. 1964), cert. den., 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed. 2d 804 (1964); Kent v. United States, 207 F.2d 234, 236 (9th Cir. 1953). No evidence having been produced to the contrary, the Court must presume that the actions of Local Board were valid. Greer v. United States, 378 F.2d 931, 933 (5th Cir. 1967); Keene v. United States, 266 F.2d 378, 380 (10th Cir. 1959).

■ The next two contentions of the defendant revolve around the failure of the Local Board to reopen his classification and, therefore, will be considered together. It is basically the claim of defendant that the Local Board did not properly consider his request to reopen and acted arbitrarily in denying said reopening. It is not disputed that any request for reopening was governed by 32 C.F.R. § 1625.2. Under § 1625.2 a registrant's classification "shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." In denying a reopening under this regulation the Local Board may not act arbitrarily, and, as in the case of an original classification, must have a "basis in fact" for its determination. United States v. Ransom, 223 F.2d 15, 17 (7th Cir. 1955); Olvera v. United States, 223 F.2d 880, 883 (5th Cir. 1955).

■■ The "Minutes of Action" (attached to Exhibit 1–A) indicate that the Local Board considered the request of defendant for a reopening twice. On April 24, 1968, apparently after receipt of defendant's letter (Exhibit 1–L), the following notation was entered:

"Bd. noted request for class. as conscientious objector filed after Ind. orders issued. Did not reopen Class."

The next notation in this regard was on May 21, 1968, after defendant had filed his Form 150 (Exhibit 1–P). There it is stated as follows:

"Recd. completed Form 150 also request to reopen class. filed by Greene Co. Govt. Appeal Agent. L. B. considered request and Form 150 at regular meeting—did not reopen classification."

Neither of the above notations show a vote in the appropriate column. The clerk of the Local Board testified that on

both occasions the decision not to reopen was unanimous and it was the practice of the Local Board to record notes only on changes of classification. Defendant, claims the Local Board failed to formally vote on his request as required by 32 C.F.R. § 1604.56, and thereby denied him procedural due process. The Court finds this claim to be completely without merit. Section 1604.56 merely provides that "[e]very member present shall vote on every question or classification." The unanimous decision of the Local Board is sufficient to comply with the regulation. Defendant cites United States v. Walsh, 279 F.Supp. 115 (D.Mass.1968) as authority on this point. The *Walsh* case, however, dealt with a situation where no meeting was held, and is not applicable here. In the present case a meeting was held and the Local Board rendered a unanimous decision. This supports the presumption of regularity that arises from official action by the Local Board. Jones v. United States, 387 F.2d 909 (5th Cir. 1968); Keene v. United States, *supra*. The defendant presented no evidence to rebut such presumption.

The defendant also contends the Local Board denied his request to reopen solely on the grounds that it was not timely filed. In this contention he relies on the testimony of the clerk of the Local Board. The Court notes initially that such testimony as to her opinion for the denial is not binding on the Local Board. See, *e. g.*, Fore v. United States, *supra* 395 F.2d at 553. The members of the Local Board were available to testify at trial if defendant seriously desired to claim that this was the only basis on which his request was denied. Nor is the Local Board required to record and set out specifically the elements they considered. Owens v. United States, 396 F.2d 540 (10th Cir. 1968); Ayers v. United States, 240 F.2d 802, 809 (9th Cir. 1956), cert. den., 352 U.S. 1016, 77 S.Ct. 563, 1 L.Ed.2d 548 (1957). Again, the Court must presume the Local Board acted in compliance with the regulations until the contrary is shown. Yeoman v. United States, 400 F.2d 793 (10th Cir. 1968).

In denying a reopening to the defendant, the Local Board in effect found that defendant did not have a change in status due to circumstances beyond his control. 32 C.F.R. § 1625.2. This Court can examine such decision only to the extent of determining whether a "basis in fact" existed for such decision. It has previously been the holding of this Court that the development of conscientious objections is not a change in status beyond the control of the registrant. United States v. Davis, 284 F. Supp. 93, 97 (S.D.Iowa 1968). In doing so the Court has adhered to the line of cases rejecting the so-called "crystallization theory." United States v. Jennison, 402 F.2d 51 (6th Cir. 1968); United States v. Helm, 386 F.2d 434 (4th Cir. 1967), cert. den., 390 U.S. 958, 88 S.Ct. 1045, 19 L.Ed.2d 1153 (1968); United States v. Al-Majied Muhammad, 364 F.2d 223 (4th Cir. 1966); United States v. Schoebel, 201 F.2d 31 (7th Cir. 1953). Under the reasoning of these cases the Local Board was justified in denying a reopening of the defendant's classification. Under the proviso of § 1625.2, and the above cases, therefore, no other decision was available to the Local Board.

The Court recognizes, however, that several recent decisions have held that the development of conscientious objections to war may constitute a circumstance "over which the registrant had no control," and require the local board to give consideration to the registrant's request for conscientious objector status no matter when it was filed. United States v. Sandbank, 403 F.2d 38 (2d Cir. 1968); United States v. Gearey, 368 F.2d 144 (2d Cir. 1966), cert. den., 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967), rehearing den., 389 U.S. 1010, 88 S.Ct. 561, 19 L.Ed.2d 611 (1967). See also Oshatz v. United States, 404 F.2d 9 (9th Cir. 1968); Keene v. United States, *supra* 266 F.2d at 381. Although the Court disagrees with these decisions, their holdings are of no benefit to the defendant here. Under these decisions the burden is on the defendant to make out a prima facie case, based on objective facts, that

there has been a change in status due to circumstances beyond his control, subsequent to the issuance of the induction order. Oshatz v. United States, *supra* 404 F.2d at 11; United States v. Sandbank, *supra* 403 F.2d at 39. This the defendant failed to do. He has neither demonstrated that his claimed conscientious objector beliefs matured after issuance of the induction order, nor made a prima facie case for classification as a conscientious objector. It cannot seriously be contended that the letter (Exhibit 1–L) received by the Local Board on April 15, 1968, which first mentions his alleged beliefs, in any way states objective facts requiring a reopening. It merely states that the defendant is "now sure that [he] cannot in good conscience serve in the military service." This language is similar to that of the registrant in United States v. Jennison, *supra* 402 F.2d at 54. There the Court pointed out that the "language, 'I believe I now qualify,' does not convey the impression of sudden crystallization or conversion." Such language does not establish that the beliefs of the defendant matured after issuance of the induction order due to circumstances beyond his control. This is likewise true of the Form 150 (Exhibit 1–P) submitted by Defendant to the Local Board on May 21, 1968. All the statements of defendant refer to his earlier training and conduct as support for his claimed conscientious objections to war. The only objective facts relied upon occurred prior to the issuance of the induction order. See generally United States v. Sandbank, *supra*. The Local Board had only his bald assertion that it was not until he received his I–A from the Presidential Appeal Board that he "realized that [he] would be asked to participate in war." The defendant did not inform the Local Board of the date he received notice of said I–A classification, and, thus, they had absolutely no evidence before them which would indicate that defendant's beliefs matured or crystallized after issuance of the induction order. Under these circumstances, the Local Board made a reasonable and proper finding that defendant's evidence did not meet his burden of showing that his conscientious objections to war matured after issuance of his induction order and due to circumstances beyond his control as required by § 1625.2.

 The final ground for acquittal asserted by the defendant deserves very little consideration. Here the defendant relies upon Army Regulation 601–270, Chapter 3, Section 3, Paragraph 69, which provides:

"Registrants * * * for induction * * * who have undergone a medical examination of the prescribed scope within one year prior to the induction processing and have been found medically qualified, will undergo a physical inspection."

The scope of such physical inspection is set out in Army Regulation 601–270, Chapter 3, Section 111, Paragraph 69(2), as follows:

"The examining physician will review the previous medical examination reports * * * and any accompanying additional documents and discuss with the examinee any intervening injuries and illnesses, or any other health problems not a matter of record. The examineee with clothing removed, will be closely observed by the examining physician to detect the presence of any communicable diseases and apparent defects not previously recorded."

The defendant complains because he was not required to remove his clothing. He complains further that he informed the examining physician that he had recently been told he had high blood pressure and possibly some form of parasites, but no tests were conducted to determine the truth of these assertions. At trial, however, the defendant failed to produce any proof in this regard except his own statements. There was no evidence that the removal of his clothing would have revealed the "presence of any communicable diseases or apparent defects * * *." Likewise, no proof was offered that he, in fact, did have high blood pressure or parasites. Assuming, *arguendo*,

that the examining physician did not comply with the Army Regulations as claimed by the defendant, it is nevertheless clear that the defendant was not prejudiced thereby. In addition, however the testimony of the defendant was contradicted by the examining physician, who testified that if he had been informed of such intervening defects in the health of the defendant, the appropriate tests would have been conducted.

The Court has carefully examined and considered all of the grounds on which the defendant bases his motion for acquittal and finds them to be wholly without merit. The defendant, a well educated individual, was fully aware of the requirements of the law and was accorded every procedural right available to him. In spite of this, the defendant chose to violate the law by refusing to submit to induction. The Court, therefore, finds the defendant, John Douglas Hedges, guilty as charged in Count I of the indictment.

Defendant will remain at liberty on his present bond pending the completion of a presentence investigation, after which defendant will be ordered to appear for sentencing.