**UNITED STATES of America,
Plaintiff,
v.
Allan Dale HAIFLEY, Defendant.
Crim. A. No. 68–CR–374.**

United States District Court
D. Colorado.
June 19, 1969.

James L. Treece, U. S. Atty., and James R. Richards, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Robert G. Busch, Lakewood, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

This matter is before the Court on the defendant's motions for new trial and to arrest judgment.

This is a Selective Service prosecution in which the defendant is charged with the wilful failure to perform a duty required of him under the Universal Military Training and Service Act. It is alleged that he failed and refused to comply with an order of his local board to report for and submit to induction into the Armed Forces of the United States.

Defendant was convicted in a trial to a jury held on April 16, 1969. He now maintains that the proceedings at the induction station were fatally defective in that the induction ceremony was dispensed with and, secondly, he was not given a physical examination at that time. The evidence at the trial established that these proceedings were dispensed with as a result of the defendant stating that he saw no point in being processed because "I am going to refuse induction anyway." In his testimony Haifley said that he communicated with Captain Ferkins at the induction station that "I think you and I know what I am going to do about induction." Subsequently, the defendant was advised of his rights and was told that he could call a lawyer. Also, the relevant statute was read to him and he was warned as to the consequences.

The pertinent Army Regulation is 601–270, ch. 3, § III, para. 69(a) (1), which provides as follows:

Registrants or applicants for induction or enlistment, who have undergone a medical examination of the prescribed scope within 180 days prior to the induction processing and have been found medically qualified, will undergo a physical inspection.

The questions presented, therefore, are first, whether the failure of the officers at the induction station to carry out the physical examination required by the pertinent Army Regulation constituted prejudice sufficient to void the proceedings and the conviction, and second, whether the action of the officers in dispensing with the induction ceremony renders the proceedings void. We first consider whether the preinduction physical is essential. The language of the Army Regulation noted above indicates that it is. Also, there is case law which supports this proposition.

In Briggs v. United States, 397 F.2d 370 (9th Cir. 1968), the Court held that the failure to carry out the physical in-

spection required by the Regulation constituted prejudice. The Court noted that the prescribed physical inspection was a rather cursory one, but also noted that it was designed to ascertain whether the registrant should be accepted or rejected. The Court noted that rejection was only a possibility, but it nevertheless was real. The evidence in *Briggs* was somewhat different in that there a registrant was told that they (the induction station) did not give physicals to refusals. In this case the officers decided on the shortcut because the defendant told them that it would be futile. The Court's statement in *Briggs* is persuasive.

An analogy drawn from exhaustion of administrative remedies cases indicates that the denial of a physical inspection should be held prejudicial * * * [T]he possibility of rejection and reclassification, indicated that denial of a physical inspection to appellant was prejudicial. In the exhaustion of administrative remedies cases, this possibility is deemed sufficiently important to justify refusal to consider a registrant's claims of error. It appears reasonable that this possibility be deemed equally important *when the military disregards* the requirements of a physical inspection.

We could assume that the likelihood of rejection in appellant's case was slight. The physical inspection is relatively cursory, and appellant had recently passed a more rigorous examination. But the exhaustion of administrative remedies cases are concerned with the same odds. And the physical inspection is not a time consuming, resource wasting process. In short, the exigencies of the service do not justify disregard of the regulations in this instance just because the registrant is expected to refuse induction. 397 F. 2d at 374. [Emphasis added.]

See Oshatz v. United States, 404 F.2d 9, 12 (9th Cir. 1968) and Welsh v. United States, 404 F.2d 1078, 1085 (9th Cir. 1968). See also the language of the Court in United States v. Kauten, 133 F. 2d 703, 706 (2nd Cir. 1943).

The reasoning of the Court of Appeals for the Ninth Circuit in Briggs v. United States, *supra* to the effect that the military must be held to the same standard demanded of the accused is sound. The entire Selective Service body of law, including the Army induction proceedings, are positive and tightly structured. The underlying philosophy is that the accused must abide by the law in the exhaustion of his remedies whether he is aware of it or not. It seems fair to hold the Army to a similar standard. Hence they could not dispense with an essential requirement, namely, the preinduction physical inspection.

We reach a different conclusion as to the failure to require the accused to formally refuse to step forward. This is somewhat ceremonial and it has been held that where the defendant unequivocally refuses to do so beforehand, there is no need to go through the motions. Nevertheless, we certainly do not recommend this as an accepted procedure. It would seem to be better practice to give him an opportunity to be inducted. Who knows, he may relent. Hershey, Legal Aspects of Selective Service, 44.

We recognize that in all likelihood the reprieve which flows from this decision will be temporary. There is no indication that defendant will not pass the induction physical, and we are not told that he will accept induction when it is offered. Nevertheless, he is entitled to have the Army comply with its own regulations. Conceivably he could flunk the physical and it is remotely possible that he will relent and accept induction.

The judgment of acquittal should have been granted at the close of the evidence. The conviction is therefore set aside and the case is dismissed. This ruling is, of course, without prejudice to further proceedings by the Selective Service officers and the Army officers in charge of induction.