**Robert Lawrence DILLON, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 24440.**

United States Court of Appeals,
Ninth Circuit.

March 13, 1970.

Rehearing Denied April 13, 1970.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

Steve Langford (argued), Asst. U. S. Atty., Harvey Ziff, Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before MADDEN*, Judge, United States Court of Claims, KOELSCH and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant was indicted, tried and convicted in a non-jury trial for willful refusal to submit to induction into the Armed Forces of the United States in violation of Title 50, U.S.C. App. § 462 (a). His sentence of 18 months was suspended on condition that he obtain work of national importance and pay a fine.

Appellant registered with the Selective Service System on November 25, 1964, shortly after his 18th birthday. Originally granted a student deferment, he was ultimately classified in 1–A–O,[1] following the filing of Form 150 in which he specifically requested that status. In March, 1966 he received a pre-induc-

---

* The Honorable J. Warren Madden, sitting by designation.

1. Exempt from combatant training only.

tion physical examination, was found fully qualified for service and, being no longer entitled to student deferment, was ordered to report for induction on August 17th of the same year. On August 4th, he directed a letter to the Board and requested that his induction order be cancelled and that he be considered for 1–O classification.[2] There, he stated that his thinking, in recent months, with respect to participation in war had changed. He also stated that through lack of advice and counsel at the time of filing the original Form 150, he neglected to apply for a 1–O classification, rather than 1–A–O. He claimed ignorance of the existing classifications. His file was reviewed by the Local Board and, on the record presented, the Board found nothing to sustain a finding that applicant had undergone a change in his status resulting from circumstances beyond his control.[3] His classification was not reopened and he was directed to report in accordance with the previous order. He complied with the order and was given a physical inspection, was found to be fully qualified for service, but refused to step forward at the induction ceremony. Thereupon, the subject was referred to the United States Attorney for prosecution. The latter, on learning that additional material had been added to the file subsequent to the Board's last review on August 9th, suggested that the Board again review appellant's complete file to determine if he had undergone a change in status resulting from circumstances beyond his control. Again, the Board failed to make such a finding. Pursuant to the original induction order, a new reporting date was fixed in order to give appellant another chance to submit to induction, and on January 25, 1967, the indicated date, appellant again reported as directed. On the arrival at the induction station, he announced that he was going to refuse induction. He was forthwith taken to the ceremony room and again refused to step forward and thus signified his intention to refuse induction into the Armed Services.

■ Here, we do not necessarily reach the "crystallization" theory decided against appellant's contentions in Ehlert v. United States, 422 F.2d 332 (9th Cir., 1969). On the record before us, appellant's conscientious scruples were formulated at the time he filed his Form 150, specifically requesting 1–A–O status. This necessarily follows from the statement in his letter, filed after the notice to report, where he claimed that he would have asked for a 1–O classification in his original application if he had had proper counsel and advice and had understood the "existent classifications". This letter does not show a change in, or crystallization of, appellant's views or opinions after receipt of the notice of induction. Consequently, the record here is within the purview of Dugdale v. United States, 389 F.2d 482 (9th Cir. 1968); United States v. Kanner, 416 F.2d 522 (9th Cir. 1969); United States v. Cralle, 415 F.2d 1065 (9th Cir. 1969), and similar cases. Assuming, however, that the record supported appellant's claims of a crystallization of his conscientious objections subsequent to his notice to report for induction, our decision, nevertheless, would be controlled by Ehlert v. United States, *supra*. The lower court correctly decided this issue.

■ Appellant claims that the failure of the personnel at the Induction Center to afford him a *second* physical inspection requires a reversal. He says that Briggs v. United States, 397 F.2d 370 (9th Cir. 1968), requires such a result. We disagree. In *Briggs*, there was no physical inspection as required by Army Regulation 601–270, ch. 3, § III, par. 69, at 3–23 (1965).[4] Here, the appellant

---

2. Exempt from both combatant and noncombatant training and service.

3. 32 C.F.R. § 1625.2.

4. "Registrants or applicants for induction or enlistment, who have undergone a medical examination of the prescribed scope within 180 days prior to the induction processing and have been found medically qualified, will undergo a physical inspection."

underwent and passed the required physical inspection within 180 days prior to his induction processing, but the processing was interrupted while his file was referred back to the Local Board by the United States Attorney in order that the Board might consider material that had been added to the file subsequent to the Board review of August 9th. After this review, a new reporting date was established for what can well be described as a continuation of the original induction procedure. No request was made by appellant for a supplemental physical inspection. To the contrary, he reported as directed, and forthwith announced that he was refusing induction. Immediately thereafter, he refused to take the necessary forward step. On this record, appellant was not entitled to a supplemental physical inspection. We decline to extend *Briggs* to cover a factual situation such as here presented.

Appellant's claim of a denial of due process is completely without substance.

Affirmed.