·UNITED STATES of America, Appellee,

v.

Ernest Stephen BROWN, Appellant.

No. 26352.

United States Court of Appeals, Ninth Circuit.

Feb. 17, 1971.

Kilkenny, Circuit Judge dissented and filed opinion.

Michael S. N. Johnson (argued), San Francisco, Cal., for appellant.

John G. Milano (argued), Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., Jerrold M. Ladar, Chief, Crim. Div., San Francisco, Cal., for appellee.

Before HAMLEY and KILKENNY, Circuit Judges, and FERGUSON, District Judge *.

HAMLEY, Circuit Judge:

Ernest Stephen Brown appeals from a judgment convicting him of refusing to submit to induction into the armed forces of the United States, in violation of 50 U.S.C. App. § 462.

On July 12, 1968, Brown was reclassified from II–S to I–A, and shortly thereafter was ordered to report for a physical examination on September 13, 1968. Brown so reported and was found to be qualified for military service. On December 19, 1968, he was ordered to report for induction on January 22, 1969. Brown reported to the induction center, but when he was called to take the symbolic step forward to signify his acceptance of induction, he declined to do so.

On this appeal, as in the trial court, Brown argues that when he reported on his induction day, he was not accorded the kind of physical examination required by the applicable regulations and for this reason, he is not guilty of refusing to submit to induction. The Army regulation in question (AR 601–270, ch. 3, § III, par. 69 at 3–23 [1965]; AR 601–270 ch. 4, § II at 4–21 [1969]) provides that inductees who, like Brown, have previously been given a thorough medical examination will, on induction day have their medical records reviewed, including a discussion of any intervening injuries and illnesses, and "with clothing removed * * * be closely observed by the examining physician to detect the presence of any communicable diseases and apparent defects not previously recorded."

Brown was not closely observed with clothing removed on the day he refused induction. As disclosed at trial by Dr. William L. Anderson, an employee of the examining and entrance station, the procedure regularly followed at Brown's induction center (and followed in his case) does not include a physical inspection with clothing removed as a matter of course. Rather, the inductee is asked whether there have been any changes in his physical condition since his last examination. If the inductee responds in the negative, the physician indicates that the man is qualified without asking that clothing be removed, and the inductee proceeds to the next phase of the induction process.

In Briggs v. United States, 397 F.2d 370 (9th Cir. 1968), we held the failure to give the registrant the prescribed induction day physical inspection vitiated the order to step forward. Briggs had previously been given a complete physical examination. The registrant in Dillon v. United States, 423 F.2d 1121 (9th Cir. 1970) was not given a physical inspection on the day he refused induction. He had been given a physical inspection on a previous induction day, and the induction process was deemed to have continued to the day Dillon refused induction, due to the nature of the interruption of the induction process. Additionally, Dillon conducted himself with a certain intransigence on the day he de-

* The Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

clined induction. For these reasons, we held that Dillon was not entitled to a physical inspection on the day he refused induction.

Here, Brown, like Briggs, received a complete physical examination prior to the day of his induction. Unlike Dillon, and like Briggs, Brown has never received a close physical inspection during his induction process. There is no indication that Brown conducted himself so as to give induction station personnel cause to conclude that he did not intend to co-operate during the induction processing. We therefore conclude that the induction station personnel erred in processing him on induction day.

The court below thought this failure to follow prescribed induction procedure did not prejudice Brown. We disagree. According to the trial testimony, in order to be fit for induction, a man seventy-one inches tall must weigh a minimum of 127 pounds, and a man seventy-two inches tall a minimum of 131 pounds. Brown's height at various times before and after he refused induction has been recorded or estimated to be seventy-one inches, 71½ inches, and 71¾ inches. His weight, in various states of undress, has been recorded or estimated at 127 pounds, 128 pounds, 129 pounds and 130 pounds. Brown was neither weighed nor measured on induction day. If he had been found to be but a pound below the minimum weight standards for his height, he would have been rejected as unfit for induction.

Had the induction station personnel followed the prescribed procedure, given Brown's marginal status, there is a significant possibility that he would have been rejected as unfit. The possibility of failing the minimum weight requirements under the circumstances would be apparent upon close examination of the inductee with clothing removed. The regulations require a thorough evaluation and an immediate determination of the examinee's fitness when an unrecorded defect is discovered. Brown's fitness was such a close question that the failure to accord him this opportunity to be rejected must be viewed as prejudicial.

In view of our disposition of this issue, it is unnecessary for us to consider Brown's conscientious objection point.

Reversed.

KILKENNY, Circuit Judge (dissenting):

In Briggs v. United States, 397 F.2d 370 (9th Cir. 1968), the case on which the majority relies, the inductee received no physical inspection whatsoever. Here, the appellant was not denied a physical inspection. The medical examiner reviewed appellant's previous medical examination reports, observed the appellant and determined from his own observation and questioning that appellant was in the same physical condition as he was at the time of the original physical examination and was physically qualified for induction. In these circumstances, the failure to require appellant to remove his clothing did not invalidate the inspection. Dillon v. United States, 423 F.2d 1121 (9th Cir. 1970), controls on these facts. Nothing in the Selective Service Regulations requires that an inductee be remeasured as to height and reweighed at the time of the physical inspection.

Where, as here, the inductee has never applied for a conscientious objector classification from the Selective Service System, either prior to issuance of the induction order, after receipt of the order, or even subsequent to his refusal to submit to induction, he cannot urge conscientious objection as a defense to his prosecution for refusal to submit to induction. This claim is groundless. McKart v. United States, 395 U.S. 185, 198, n. 16, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); Blades v. United States, 407 F.2d 1397 (9th Cir. 1969); Bishop v. United States, 412 F.2d 1064 (9th Cir. 1969). Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970) and United States v. Coffey, 429 F.2d 401 (9th Cir. 1970), upon which appellant relies, are distinguishable on the facts.

I would affirm.