**UNITED STATES of America, Appellee,**

v.

**John Douglas HEDGES, Appellant.**

**No. 19753.**

United States Court of Appeals, Eighth Circuit.

May 10, 1971.

Joseph S. Brick, Des Moines, Iowa, for appellant.

Allen L. Donielson, U. S. Atty., Des Moines, Iowa, Claude H. Freeman, Richard J. Barry, Asst. U. S. Attys., Des Moines, Iowa, for appellee.

Before MATTHES, Chief Judge and GIBSON and LAY, Circuit Judges.

PER CURIAM.

On March 24, 1969, 297 F.Supp. 946, the defendant was convicted of failing to comply with an order of his local selective service board to report for and submit to induction into the armed forces of the United States. Timely appeal was filed. It is urged on appeal, inter alia, that the local draft board failed to afford the defendant due process in refusing to reopen his I–A classification *after* the defendant had received his induction order. Defendant asserts that he filed as a conscientious objector *after* he had received his order to report. Defendant claims that this constitutes "a change in the registrant's status resulting from circumstances over which the registrant has no control." 32 C.F.R. § 1625.2. Defendant's challenge cannot be sustained. This case is controlled by the

recent decision in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), which upholds the right of a local board to refuse to consider a late claim (after induction notice is received) for classification as a conscientious objector. We have considered the other alleged procedural irregularities in the induction process and find no prejudicial error.

Judgment affirmed.[1]

---

1. Defendant's late application prevented the Selective Service officials from processing his claim for exemption. Since it is now clear under *Ehlert*, supra, that Army regulations will be construed to allow the processing of a conscientious objector claim after induction, the district court may desire to consider, upon appropriate motion, a review of the sentence for the purpose of determining whether in the interest of justice the defendant should be placed on probation in order to afford him an opportunity to make arrangements to be inducted into the Army.

