**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gerald Kenneth GRESS, Defendant-
Appellant.**

**No. 71–2750.**

United States Court of Appeals,
Ninth Circuit.

July 20, 1972.

Stanley J. Friedman (argued), of Friedman & Sloan, San Francisco, Cal., for defendant-appellant.

Frederic F. Tilton, Asst. U. S. Atty. (argued), F. Steele Langford, Brian B. Denton, Asst. U. S. Attys., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before DUNIWAY and GOODWIN, Circuit Judges, and LUCAS,* District Judge.

LUCAS, District Judge:

Appellant was convicted for refusing to submit to induction in violation of 50 U.S.C. App. § 462. This is an appeal from that conviction.

## BACKGROUND

Appellant first registered with Selective Service Local Board No. 58, in San Mateo, California, on July 13, 1962. During an approximate six-year period, he received both student deferments and a two-year occupational deferment while he served in the Peace Corps.

On January 10, 1968, appellant received his last student deferment, enabling him to complete his undergraduate education at the University of California, Berkeley. On August 29, 1968, after appellant's graduation, the local board received from appellant an SSS Form 103, also called a Graduate or Professional College Student Certificate, which informed the board that appellant had commenced his first year at Hastings Law School in San Francisco, California, and was pursuing a full-time course of study.

Appellant was reclassified 1–A on October 9, 1968, but failed to appeal. On October 15, 1968, his mother wrote a letter to the board expressing her concern over appellant's 1–A classification and requesting that he be allowed to complete his first year of law school, particularly since her only other child, a daughter, had recently been killed in an airplane accident. On October 21, 1968, the Executive Secretary, by direction of the local board, notified appellant's mother that no deferment existed for a man in appellant's situation.

On October 28, 1968, appellant obtained SSS Form 50 so that he could request conscientious-objector status. After inquiry by the board, he returned the form uncompleted to the local board on March 11, 1969. Accompanying the form was a letter from appellant in which he stated that he opposed any war but was withdrawing his conscientious-objector claim.

Upon appellant's submission of the letter and the incomplete SSS Form 150, the board, on April 9, 1969, reopened his classification, but voted to retain him in Class 1–A. The board mailed appellant a notice of classification and a notification of his right to appeal, but he never appealed.

On June 9, 1969, appellant passed a pre-induction physical examination, and subsequently was ordered to report for induction on September 17, 1969. On that date appellant reported to the Induction Station, allegedly was asked if there had been any change in his health, and refused to submit to induction. Prosecution, trial, and conviction ensued.

---

* Honorable Malcolm M. Lucas, United States District Judge, Central District of California, sitting by designation.

## DISCUSSION

Basically, appellant raises four issues on appeal.

### I.

■ The first issue raised by appellant is that the local board denied him due process of law when it failed to consider his mother's letter [1] of October 15, 1968, as an appeal from his 1–A classification of October 9, 1968. Appellant claims that 32 C.F.R. § 1626.13(b) required that the local board forward appellant's file to the appeal board upon receipt of his mother's letter, and that the board's failure to do so resulted in a denial of due process.

It is true that 32 C.F.R. § 1626.2(a), (c) allow appeals to be made, on behalf of a registrant, by one claiming to be a dependent of the registrant. But certainly the local board is not required to consider every letter it receives, following classification of a registrant, as a notice of appeal. And upon reading appellant's mother's letter, we find that the local board did not act arbitrarily or capriciously when it did not find the letter to be a notice of appeal. *Cf.* United States v. Richmond, 274 F.Supp. 43, 65 (C.D.Calif.1967). In fact, the letter can not reasonably be construed as appealing any action of the local board.

Further, under 32 C.F.R. § 1626.12, the letter could have alerted the board that it was a request for an appeal by indicating that the local board had erred by failing to consider or weigh information in appellant's file, or by failing to include information in appellant's file.

But the letter did not advise the board of any such errors, nor of other matters the board reasonably should have considered to have been notification of an appeal.

Having in mind the provisions of 32 C.F.R. § 1626.11(a), which require liberal construction of notices of appeal, we find that the local board acted reasonably in not construing appellant's mother's letter as a notice of appeal from the 1–A classification.

### II.

■ Appellant next contends that his mother's letter set forth a prima facie case for an emotional hardship deferment,[2] and that the failure of the local board to reopen his classification was a denial of due process.

No prima facie case for an emotional hardship deferment was stated. Inasmuch as the Selective Service file shows that appellant's father was at home, and able to care for appellant's mother, the letter does not meet the burden of showing that there would be an extreme hardship to appellant's mother caused by his induction into military service. *Cf.* de Rozario v. Commanding Officer, 390 F.Supp. 532, 537 (9th Cir. 1967), and *see* Brede v. Allen, 311 F.Supp. 599, 605–606 (N.D.Ohio, E.D.1969).

■ Appellant also says that the failure of the local board to consider the information in his mother's letter denied him procedural due process. Even if it is conceded that the local board failed to consider his mother's letter when it was submitted in October, 1968, it is pre-

---

1. Appellant's mother's letter stated, in pertinent part:
 "I do not know if this is the proper thing for me to do, but I do know I have to express myself for the sake of my mental and physical health. My son, Gerald, was classified 1–A just last week. I have been dreading the day when this would come up, but little did I know it would come up at the same time I am having to adjust myself to the tragic loss of my other child . . . in June . . . my daughter, Phyllis, was killed in a . . . plane crash. . . . All I am asking now is that you take in consideration my feelings, this sudden and tragic loss of my daughter has been so hard to adjust to. Now with this coming up with my son . . . it is affecting my health. I just hope you will be able to let him finish his year of law school, so all of that won't be lost, then perhaps by then the pain of my daughter's death will not be so great. I thank you for your consideration."

2. Class III–A.

sumed that the local board did consider his entire file, including the letter, pursuant to 32 C.F.R. § 1622.1(c), when appellant was reclassified in April, 1969. Skinner v. United States, 215 F.2d 767, 768 (9th Cir. 1954). Therefore, any error that the local board may have committed with respect to its alleged failure to consider appellant's mother's letter in October, 1968, is presumed to have been cured during the local board's reclassification of appellant in April, 1969.

### III.

Appellant says that his letter to the local board, in October, 1968, made a prima facie showing for conscientious-objector status, and that the local board's denial of the exemption, without stating its reasons, deprived appellant of due process of law.

Appellant returned the conscientious-objector claim incomplete and unsigned with an accompanying letter in which he stated some of his philosophical views but withdrew his conscientious-objector claim. Appellant asserts that this accompanying letter stated a prima facie case for conscientious-objector status.

The board proceeded to reopen appellant's classification, but retained him in Class 1–A. Appellant says that the record is unclear as to the reasoning used by the board when it reclassified him 1–A.

█ Appellant argues that if the board held that appellant had withdrawn his claim, the board erred since his withdrawal was involuntary in that he misunderstood the meaning of the word "religious" when he decided he could not meet the statutory religious requirement. Also, appellant says that the board was under an affirmative duty to help him establish his claim; a duty the board failed to meet. We reject these contentions. Appellant was a twenty-four year old Hastings Law School student who admitted having received draft counseling and having read pamphlets on Selective Service procedures. His withdrawal of his conscientious-objector claim would appear to have been a knowing and voluntary act leaving no further burden on the local board. The burden of proof is on the registrant to show that he is entitled to a requested classification, United States v. Van Becker, 438 F.2d 1224, 1225 (9th Cir. 1971); and appellant may not shift that burden to the local board by apparently intelligently withdrawing a claim for conscientious exemption while expecting the local board somehow to know the withdrawal was involuntary.

█ Further, appellant says that if the board, in its reopening, did not find appellant's conscientious-objector claim had been withdrawn, then the board erred by not stating its reasons for its decision. For this contention, appellant relies upon United States v. Haughton, 413 F.2d 736, 739 (9th Cir. 1969). Haughton say at 739: "The local board, however, must state the reasons for its denial of a requested classification when a registrant has 'met the statutory criteria'."

We do not need to determine if appellant's letter, which accompanied his incomplete Form 150, would satisfy the requirements for conscientious-objector status since appellant failed to exhaust his administrative remedies and therefore cannot now challenge his 1–A classification. United States v. Powell, 421 F.2d 697 (9th Cir. 1970), and see Lockhart v. United States, 420 F.2d 1143, 1145–1148 (9th Cir. 1969). This case is not one in which the administrative remedies may be by-passed so that the District Court may interpret the meaning of a selective service statute, a function clearly belonging to the courts. Lockhart at 1146. Rather, the appellant was notified of his right to appeal, but failed to do so. Appellant urges that he should have been excused from the necessity of exhausting his administrative remedies since it was reasonable for him to believe that the local board had taken his "withdrawal" at face value, that he had no claim upon which the local board had passed, and that there existed no denial from which to appeal. To appel-

lant's arguments here, we reiterate what we said above concerning the appellant's obvious qualifications, as a twenty-four year old law student, in handling his affairs. The appeal process is spelled out clearly in 32 C.F.R. § 1626, and appellant failed to follow the required procedure. Appellant should not have been misled by the local board's actions, since after it reclassified him 1–A, it notified him of its decision and of his right to appeal.

## IV.

 Lastly, appellant urges that the Army's failure to conduct a physical inspection of him at the induction center, in September, 1969, as is required by Army Regulations,[3] was prejudicial error requiring reversal.

Appellant claims that his inspection consisted entirely of his being asked, while in line at the induction center, if there had been any change in his health. He claims that he was not physically examined, with clothing removed, as is required by the Regulation in question. While discussing physical examinations at the induction center, this Circuit has held:

> "[I]n order to establish that incompleteness of the physical inspection invalidated the induction proceedings, the registrant must show that prejudice resulted. With regard to the sufficiency of the showing of prejudice, the rule is established in this circuit that if there is a significant possibility that the registrant would have been rejected as unfit, had he been afforded the kind of physical inspection prescribed by the [Regulations], prejudice is indicated sufficient to invalidate the induction process." United States v. Pace, 454 F.2d 351, 356 (9th Cir. 1972).

Appellant had passed a pre-induction physical examination in June, 1969, and had indicated during his induction proc-

ess that there had been no change in his health. Further, appellant's testimony at trial indicates that he knew of no reason that he should have been medically disqualified from military service at the time of his induction ceremony. We therefore find that appellant has failed to establish that he was prejudiced by the Army's alleged failure to provide him with a proper physical examination.

## CONCLUSION

The decision of the trial court is affirmed.

---

3. Army Regulations 601–270, Ch. 3, § III, para. 3–18(a) ; and 601–270, Ch. 4, § II, para. 4–21(b) (1969) require that the

physical examination be conducted with inductee's clothing removed.