**UNITED STATES of America,
Appellee,**

**v.**

**Neil Douglas SALISBURY, Appellant.**

**No. 72–1270.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Oct. 24, 1972.

Wattam, Vogel, Vogel & Peterson, Fargo, N. D., on brief for appellant.

Harold O. Bullis, U. S. Atty., and Eugene K. Anthony, Asst. U. S. Atty., Fargo, N. D., on brief for appellee.

Before MATTHES, Chief Judge, LAY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The 19-year-old defendant was convicted for failing to submit to induction and was sentenced under the Youth Corrections Act. He contends that his conviction should be reversed because the examining physician at his induction center did not closely observe him with clothing removed and, thus, failed to give him the full physical inspection required by the army's own regulation, AR 601–270 § 4–21. The regulation provides in part:

"b. *Scope of physical inspection.* The examining physician will review the previous medical examination reports (SF 88 and 89) and any accompanying additional documents, and discuss with the examinee any intervening injuries and illnesses, or any other health problems not a matter of record. The examinee, with clothing removed, will be closely observed by the examining physician to detect the presence of any communicable diseases and apparent defects not previously recorded. If additional defects are found, they will be recorded in accordance with paragraph 5–36. * * * *"

The defendant contends that if he had been observed while undressed, there would have been a significant possibility that he might have been found medically unfit under AR 40–501, §§ 2–10(b)(9) and (d)(1),[1] because the fifth toe of his right foot is deformed in that it overlaps the fourth toe.

Prior to the defendant's preinduction physical, he had complained of numerous ailments and attempted to document them. He had not complained of his toe. At the preinduction physical examination on February 19, 1970, the examining doctor noted on the defendant's records that the toe was deformed but not disqualifying. The defendant presented no additional material to document his claim.

On January 25, 1971, the defendant reported for induction and was again interviewed by a physician. The defendant testified that he mentioned various problems, including the toe deformity. The defendant's own physician was contacted by telephone, but there is no record of what was discussed. The defendant was not observed while undressed and, thus, his toe was not reexamined. On that day, the defendant, believing he was physically unqualified, refused induction.

At the trial, the defendant and his mother testified to various problems associated with the deformity. A statement by a podiatrist, who had examined the defendant some time after his refusing induction, was introduced into evi-

---

1. The defendant relies on army regulations with respect to medically disqualifying deformities of the extremities:

"The causes for rejection for induction are—

\*     \*     \*     \*     \*

"(b) *Foot and Ankle.*

\*     \*     \*     \*     \*

"(9) * * * deformity * * * which precludes running, is accompan-ied by disabling pain, or which prohibits wearing of combat service boots.

\*     \*     \*     \*     \*

"(d) General.

"(1) Deformities of one or both lower extremities * * * which would interfere with a satisfactory completion of prescribed training and performance of military duty."

Army Regulation 40–501, §§ 2–10(b)(9) and (d)(1).

dence. This statement indicated, under the heading "treatment:"

"Surgical correction before entering service as continuous chafing by vamp of shoe would limit activities."

Neither of the army doctors testified at the trial.

The government does not dispute that the army failed to comply with its regulation, but urges that no prejudice was incurred by the defendant as a result of the lapse in procedure.

■ We think it is clear that "prejudice to the registrant from failure to observe regulations must be established." Briggs v. United States, 397 F.2d 370, 373 (9th Cir. 1968). See, Parsons v. United States, 447 F.2d 1018, 1023 (8th Cir. 1971). The crucial questions we must answer are: What test is to be applied in determining whether the defendant has been prejudiced? Is the burden on the defendant to demonstrate actual prejudice, or may prejudice be presumed from the failure to comply with the regulation? The only Court of Appeals to deal with the question of

prejudice in this context is the Ninth Circuit. We believe its most recent decisions state the proper test:

" * * * [T]he rule is established in this circuit that if there is a significant possibility that the registrant would have been rejected as unfit, had he been afforded the kind of physical inspection prescribed * * *, prejudice is indicated sufficient to invalidate the induction process. * * *"

United States v. Pace, 454 F.2d 351, 356 (9th Cir. 1972). Accord, United States v. Gress, 464 F.2d 1002 (9th Cir. 1972).[2]

■ Here, the defendant has demonstrated a sufficiently significant possibility that he might have been found unfit had he been given a full physical inspection. First, it is clear that at the time of inspection, the defendant did have an "apparent" physical defect which could have been observed had the examining doctor viewed the defendant while completely undressed. The defendant testified that he mentioned his deformed toe to the doctor, and the defendant's records also called attention to

---

2. The Ninth Circuit first dealt with this problem in Briggs v. United States, 397 F.2d 370 (9th Cir. 1968). Briggs involved an inductee who was not given an inspection because he stated his intention to refuse induction. The Court's opinion does not indicate that the inductee at any time claimed any specific disqualifying defect. Nevertheless, the Ninth Circuit, presuming prejudice from the failure to carry out a physical inspection, reversed. Welsh v. United States, 404 F.2d 1078, 1085 (9th Cir. 1968), rev'd, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970).

Some District Courts followed Briggs and found prejudice from the failure to give a complete physical inspection even if there was only a slight possibility that the defendant would have been found disqualified. See United States v. Farrington, 5 SSLR 3336 (E.D.Mich. April 10, 1972); United States v. Thomas, 3 SSLR 3176 (N.D.Cal.1970); United States v. Haifley, 300 F.Supp. 355 (D. Colo.1969). In United States v. Silver, 331 F.Supp. 415, 417 (D.Minn.1971), the court stated that the failure to give a complete physical inspection was at least "presumptively or prima facie prejudicial particularly where the defendant

was raising claimed medical grounds for ineligibility."

In United States v. Brown, 438 F.2d 1115 (9th Cir. 1971), the Court also reversed the conviction of an inductee where the army had failed to fully comply with the physical inspection requirement. The Court did not state whether a showing of actual prejudice was required, but did state that such a showing had been made on the facts of Brown.

In United States v. Rodwell, 338 F. Supp. 780 (N.D.Cal.1972), one District Court attempted to resolve the apparent conflict between the test for prejudice applied in Briggs and that applied in United States v. Pace, 454 F.2d 351 (9th Cir. 1972). It distinguished Briggs by pointing out that in that case, the army had applied a policy of giving physical inspections to all inductees except those who stated it was their intention to refuse induction, thus discriminating against this latter group. No such discrimination was present in United States v. Gress, 464 F. 2d 1002 (9th Cir. 1972), Pace or Brown. The court, in Rodwell, concluded that the Ninth Circuit had not departed from ordinarily requiring actual prejudice to be demonstrated.

it. Second, medical evidence was introduced which indicated that the toe deformity was serious enough to require surgery, and that it might be disqualifying under army regulations because it would interfere with the wearing of combat boots.[3]

The court below, however, stated that the purpose of the physical inspection was limited to detecting the presence of defects not previously noted. He believed that the defendant had not been prejudiced because the toe deformity had been noted at the preinduction physical and found not disqualifying. Further, the court held that there was no evidence of a change in the condition of the toe.

■ We think the court's view of the physical inspection unduly limits its scope. Given the important interests of the army in detecting those physically unable to serve, see, United States v. Mendoza, 295 F.Supp. 673, 683 (E.D.N.Y.1969), and reading the regulation providing for physical inspection as a whole, we are convinced that the army intended to provide for a limited review of the evaluations of prior medical examinations as well as for the detection of changed or previously undetermined defects. Furthermore, the testimony of the individual in charge of the defendant's induction center indicated that, in practice, such a review did take place and some individuals were found disqualified for unchanged defects previously noted as not disqualifying. Such a reevaluation is, of course, limited by the terms of the regulation to a review of prior medical examination reports and accompanying additional documents, and the close observation of the examinee while undressed.

In this case, where there is clearly an objective deformity and there is medical evidence indicating that it is serious and possibly disqualifying, we think there is a sufficiently significant possibility that the doctor conducting the physical inspection might have disagreed with the conclusions of the doctor who had conducted the original preinduction physical and might have determined the defendant to be disqualified. We find that the defendant has suffered prejudice because of the army's failure to comply with its regulation.

■ In so holding, we offer no opinion upon whether the defendant is or is not medically qualified. The defendant is not, of course, excused from the requirements of the Selective Service. He may be inducted if found physically qualified in accordance with mandated procedures. Such a determination would be subject to only limited review in the courts. United States ex rel. Kempf v. Commanding Officer, etc., 339 F.Supp. 320, 326 (S.D.Iowa 1972); United States v. Hansen, 327 F.Supp. 1090 (D.Minn. 1971).

Reversed.

3. Compare, United States v. Gress, *supra;* United States v. Pace, *supra;* United States v. Hedges, 297 F.Supp. 946 (S.D. Iowa 1969), aff'd per curiam, 441 F.2d 726 (8th Cir. 1971), in which cases the defendants did not substantiate the existence of claimed defects.