UNITED STATES of America,
Appellee,

v.

Jon Mike ADAMS, Appellant.

No. 71-2206.

United States Court of Appeals,
Ninth Circuit.

March 15, 1972.

Rehearing Denied April 24, 1972.

Levi J. Smith (argued), Dennis Todd, of Smith, Todd & Ball, Portland, Or., for appellant.

Vinita Jo Neal, Asst. U. S. Atty. (argued), Sidney I. Lezak, U. S. Atty., Joseph E. Buley, Asst. U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge:

Jon Mike Adams appeals his conviction for failure to submit to induction, in violation of 50 U.S.C. App. § 462. Defendant urges that he was ineligible for induction and therefore entitled to refuse to "step forward" after reporting at the induction center, because Army officials failed to comply with Army Regulation (AR) 601-270, pertaining to moral standards and moral waivers. We hold that defendant was not, for this reason, ineligible for induction, and affirm.

AR 601-270, Ch. 3, Section I, at 3-9(b) (2) provides, in part, that a registrant who has been convicted "of one or more misdemeanors (nonminor) and/or four or more minor offenses (nontraffic) may be approved or disapproved for induction" by the U. S. Army Recruiting District Commander within whose area the Armed Forces Examination and Entrance Station (AFEES) of the registrant is located,[1] "if in the opinion of the commander such action is warranted."

---

1. Since defendant's AFEES was at Portland, Oregon, the "District Commander" in question was the Commanding Officer of the U. S. Army Sixth Recruiting District, Presidio, San Francisco, California.

AR 601–270, Ch. 3, Section I, at 3–9(f) provides that applications for moral waivers referred to the U. S. Army Recruiting District Commander must be submitted on an "Application for Determination of Moral Eligibility for Induction (DA Form 2981)." Under Appendix W–3 to AR 601–270, petty larceny is a "nonminor" misdemeanor. AR 601–270, Ch. 3, Section I, at 3–12 (a), provides that registrants who fail to meet the prescribed medical, mental and moral standards are ineligible for induction.

On April 15, 1969, defendant submitted to the Portland, Oregon AFEES, on Form 191–R, a written statement indicating that he had a criminal record including seven convictions on charges of disorderly conduct, reckless driving, and being a minor in possession of alcohol. Pursuant to AR 601–270, the Commander of the AFEES submitted to the U. S. Army Recruiting District Commander an application for determination of defendant's moral eligibility for induction. A moral waiver for induction was issued on April 29, 1969.

Defendant's induction was thereafter postponed until September 15, 1970. When defendant appeared at the Portland induction station on that day he prepared and submitted another Form 191–R, listing three additional offenses with which he had assertedly been charged since submitting his first Form 191–R. These new offenses, he claimed, were for breaking and entering, being a minor in possession of alcohol, and dealing in narcotics. The Portland AFEES Commander investigated these matters and ascertained that there was no alcohol charge, that the narcotics charge had been dismissed, and that the breaking and entering charge had been reduced to petty larceny. On the latter charge, defendant had been convicted and had been given a sentence of thirty days suspended and eighteen months unsupervised probation.

On the basis of this information the Portland AFEES Commander determined that the only new offense which need be considered was that of petty larceny, that it was a "minor" as distinguished from a "nonminor" offense, and that another formal application for moral waiver under AR 601–270 was therefore not required. This Army official accordingly wrote on defendant's second Form 191–R, "He is accepted for induction into the Armed Forces."

The Portland AFEES Commander was mistaken in concluding that petty larceny is a "minor" offense under AR 601–270. The trial court recognized this error, but concluded that, under the circumstances, there had been substantial compliance with AR 601–270, and that defendant was therefore eligible for induction on September 15, 1970.

This court has not previously been presented with a moral standards problem of this kind. The Sixth Circuit, however, dealt with such a problem in United States v. Brooks, 415 F.2d 502 (6th Cir. 1969). In that case the district court had held that lack of a moral waiver was not a defense in a 50 U.S.C. App. § 462 prosecution on the following alternative grounds: (1) under the facts, the inquiries made by the local induction center constituted substantial compliance with AR 601–270, and (2) the regulation creates no right in the registrant to refuse to be inducted because the purpose of the regulation is only for the benefit of the armed forces. The court of appeals affirmed without discussion of the point.

Defendant seeks to apply, by analogy, decisions in which this court has dealt with the failure of the armed forces to make the kind of physical inspection called for by the regulations, at the time a registrant reports for induction.[2] In

---

2. AR 601–270, Ch. 4, Section II, at 4–21 provides that inductees who have previously been given a thorough medical examination will, on induction day, have their medical records reviewed, including a discussion of any intervening injuries and illnesses and, "with clothing removed . . . be closely observed by the examining physician to detect the presence of any communicable diseases and apparent defects not previously recorded."

Briggs v. United States, 397 F.2d 370 (9th Cir. 1968), induction station personnel refused to make any physical inspection because the registrant had indicated that, in any event, he would refuse to be inducted. We held the noncompliance prejudicial and reversed.

In United States v. Brown, 438 F.2d 1115 (9th Cir. 1971), the inductee was not closely observed with clothing removed, as required by the regulations. Under the facts of the case we held this noncompliance prejudicial to the inductee, and reversed. In United States v. Pace, 454 F.2d 351 (9th Cir. January 10, 1972), we held the failure to comply with this regulation to be nonprejudicial to the inductee under the particular facts, and affirmed.

In none of these cases did we specifically adopt or reject the doctrine of substantial compliance. It is evident, however, that there was not substantial compliance in any of them and it was for this reason that the court reached the question of prejudice.

Defendant also asks us to apply, by analogy, Oshatz v. United States, 404 F. 2d 9 (9th Cir. 1968). In that case, when the inductee reported for induction, he was not provided with and therefore did not execute the Security Questionnaire, DD Form No. 98, as required by AR 601–270 (1966). Holding that this complete failure to comply with the regulation prejudiced the defendant, we reversed. Again no claim was made that there had been substantial compliance.

In the case now before us, we do not believe the district court abused its discretion in determining that there was substantial compliance with the regulations pertaining to moral waivers. There had been full compliance in connection with defendant's first Form 191–R statement submitted on April 15, 1969. Notwithstanding the fact that this form showed seven convictions, all minor in character, a moral waiver was promptly issued. When defendant filed his second Form 191–R on the day he was to be inducted, the officer in charge at the induction center made a personal investigation. He ascertained that only one of the three listed offenses—petty larceny—was viable.

It is true that this officer erred in concluding that petty larceny is a "minor" offense under the regulation, and for this reason incorrectly failed to apply to the Commanding Officer of the U. S. Army Sixth Recruiting District for a moral waiver. But the facts pertaining to defendant's moral qualifications were developed and considered by the local officer in the light of the previous waiver. Thus here, as distinguished from Briggs, Brown and Oshatz, the armed forces did come into possession of the facts relevant to the eligibility requirement of the pertinent regulation, and those facts were considered, although not by the officer designated in the regulation. The conclusion reached by the local officer was not out of line with the previous action of the Commanding Officer of the U. S. Army Sixth Recruiting District in waiving seven prior minor offenses.

Our conclusion that, under appropriate circumstances, failure to completely follow AR 601–270, pertaining to moral waivers, may be excused on the ground of substantial compliance, finds precedent in United States v. Brooks, 415 F.2d 502 (6th Cir. 1969). It does not run counter to the Ninth Circuit decisions cited above. We do not reach the questions of whether defendant was prejudiced by noncompliance, or whether he has standing to raise such a defense in view of the fact that the regulation is obviously for the sole benefit of the armed services.

Affirmed.