**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Arsenio DeHERRERA, Jr.,**
**Defendant-Appellant.**

**No. 73-2523.**

United States Court of Appeals,
Ninth Circuit.

Feb. 19, 1974.

Cark E. Larson, Asst. Public Defender (argued), Sacramento, Cal., for defendant-appellant.

Brewster Q. Morgan, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before BROWNING and WALLACE, Circuit Judges, and WILLIAMS,* District Judge.

## OPINION

PER CURIAM:

DeHerrera was convicted on four counts for (1) failing to report for physical examination on November 19, 1970, (2) failing to submit for induction on January 19, 1971, (3) failing to keep the board advised of an address where mail would reach him and (4) failing to submit for induction on March 7, 1972.

DeHerrera asserts that he did report for a preinduction physical examination on September 17, 1970, and that if the Armed Forces Examination and Entrance Station (AFEES) personnel had at that time followed Army Regulations 601–270 §§ 3–8 and 3–9 requiring that he be interviewed with respect to his prior criminal record, he would have been found unfit for military service; consequently, the subsequent orders for examination and induction would never have been issued and he would never have been convicted.

The government contends that although DeHerrera presented himself for the examination on September 17, 1970, only the physical phase was completed due to his intoxication and, therefore, there was substantial compliance with the regulations. We agree and affirm.

We have held that the government must comply with its own regulations and that prejudicial noncompliance can be a defense to a subsequent failure to submit to induction. In United States v. Brown, 438 F.2d 1115 (9th Cir. 1971), we held that the failure of the AFEES personnel to comply with an army regulation requiring that the registrant be examined with his clothes off at the time of his induction was prejudicial to the defendant and, therefore, required a reversal of his conviction for refusing to submit to induction. We stated that if the AFEES personnel had complied with the regulation they would have found that the registrant was unfit for military service and, consequently, he would have had no duty to submit to induction.

However, in United States v. Adams, 458 F.2d 619 (9th Cir. 1972), we held

---

* Honorable Spencer Williams, United States District Judge, Northern District of California, sitting by designation.

that noncompliance did not require reversal if the AFEES personnel had substantially complied with the army regulations. In *Adams*, the AFEES commander had refused to grant a moral waiver under AR 601–270 because he mistakenly classified petty larceny as a minor rather than a nonminor offense. We concluded that the officer did develop and consider the facts pertinent to the defendant's moral qualifications and that the case was therefore distinguishable from Briggs v. United States, 397 F.2d 370 (9th Cir. 1968), where the armed forces never came into possession of the facts relevant to the defendant's eligibility.

 The requirement placed upon AFEES is contained in section 3–8 of AR 601–270,[1] the substance of which indicates that moral waiver information is secured at the time of the AFEES interview. DeHerrera contends that AFEES had available forms and records indicating his prior criminal record, that it should have directed the appropriate governmental body to provide his past criminal record and that the interview was, therefore, unnecessary. It is true that in his Classification Questionnaire submitted to the draft board, he alleged two juvenile court adjudications for assault, but there was no information as to the type (*i. e.* aggravated, etc.) or where they occurred. It is also true that a prior order for a physical examination was postponed because he was in jail and was not ordered until completion of a parole period. However, neither the draft board nor AFEES is required to make any independent inquiry

as to criminal background prior to the AFEES moral interview. That is the purpose of the interview. Even if the interview had been held we cannot say that DeHerrera would have been rejected. Although a local army officer testified that, had he had all the facts, he would have recommended rejection, the decision-making body would not necessarily have accepted that recommendation. The responsibility is upon DeHerrera to complete his AFEES examination. If he failed to do so through his own fault, then the AFEES personnel have substantially complied with the regulations.

The crucial question in this case, therefore, is whether DeHerrera was so intoxicated when he reported for his preinduction physical that it was impossible for the AFEES personnel to ascertain the information necessary to determine his moral qualifications. This was a question of fact for the trial court and, taking the evidence and all reasonable inferences in a light most favorable to the government as the prevailing party, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we hold the evidence was sufficient. DeHerrera did not testify. In the record was an entry by the medical examiner: "intox." Although DeHerrera filled out medical examination forms, he did not complete the mental or moral phase. We cannot say the trial court could not find that DeHerrera was too intoxicated to complete the examination and, therefore, there was substantial compliance with the regulations.

Affirmed.

---

1. The relevant language of the regulation in effect on the date that DeHerrera presented himself to the AFEES for physical examination reads as follows:

3–8. Determination of moral acceptability. Information concerning court convictions or adverse juvenile adjudications of a registrant and whether he is in custody of the law will be indicated on DD Form 47 under items 13a and b. More specific information concerning such an entry, especially with respect to personal background, the circumstances of the incident or incidents, and final disposition of charges will be obtained from the registrant at the

AFEES during the preinduction interview (see para. 5–4c(5) and 5–26b). A complete chronological record of employment will be made back to and including the individual's schooling in order to determine whether a DD Form 369 (Police Records Check) should also be made in areas other than those where paragraph 13a, DD Form 47, or the individual, states he was convicted or the subject of an adverse juvenile adjudication or received a dismissal of a charge.

Army Regulation 601–270 § 3–8 (March 18, 1969).